(March 10, 1987)

■ HERBERT LAZAR et al., Respondents-Appellants, v NICO INDUSTRIES, INC., Appellant-Respondent, et al., Defendant.—Judgment and order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered, respectively, June 6, 1986 and May 28, 1986, which granted defendant's motion for partial summary judgment dismissing plaintiffs' first five causes of action and denied those parts of plaintiffs' cross motion seeking judgment on those five causes of action and dismissal of the defendant's first counterclaim, and which granted plaintiffs' cross motion for partial summary judgment on the sixth cause of action and awarded plaintiffs $200,000 plus interest on that cause of action, and dismissed defendant's affirmative defenses and second and third counterclaims, modified, on the law, without costs, to deny plaintiff Leonard Lazar summary judgment on the sixth cause of action, to further deny Leonard Lazar's motion for summary judgment dismissing the second affirmative defense and the second counterclaim to the extent to which it alleged a breach of his duty of loyalty to defendant, and to grant as to Herbert Lazar the motion dismissing the first counterclaim, and otherwise affirmed.

Except to the limited extent hereinafter specified, we are in agreement with Special Term's determination of the motion and cross motions for summary judgment in this action by Herbert Lazar and Leonard Lazar seeking to recover consulting fees alleged to be due them pursuant to an agreement entered into incident to their retirement for the reasons stated in Special Term's opinion.

In granting plaintiffs' motion to dismiss the second affirmative defense which alleged, as a defense to plaintiffs' claims, that they breached a fiduciary duty not to compete with defendant or interfere with defendant's business, Special Term failed to appreciate that the allegations of that defense, which were quite similar to the allegations underlying the first counterclaim that Special Term had sustained, adequately

alleged a legally sufficient defense to plaintiffs' claims. *(See, e.g., Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133; *Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81.)*

Similarly, the allegations set forth in the second counter-claim, alleging tortious interference with business relation-ships, when considered together with the allegations set forth in the first counterclaim, are legally sufficient to state a claim for relief under the designated theory. *(See, e.g., A. S. Rampell, Inc. v Hyster Co.,* 3 NY2d 369.)

However, as to the plaintiff Herbert Lazar, a study of the papers submitted on the cross motion for partial summary judgment discloses no factual issue that would preclude his right to summary judgment on the sixth cause of action, and to summary judgment dismissing the second affirmative de-fense, and the first and second counterclaims. Plaintiffs' mov-ing papers included an affidavit executed by Herbert Lazar denying as to himself and his brother Leonard that he had ever done anything inconsistent with his obligations to the defendant. In defendant's answering papers, nothing is pre-sented that raises a factual issue as to Herbert Lazar.

A somewhat more complicated question is presented with regard to Leonard Lazar. Apparently because he was unavail-able, no affidavit was submitted by him in connection with plaintiffs' moving papers. As to Leonard Lazar, the defendant submitted an affidavit alleging that on varied occasions he undertook to divert business from the defendant to a competi-tive business in which he had an interest. The affidavit bases this claim on statements alleged to have been made to the deponent by several persons who are named but who did not themselves submit affidavits. No explanation was proffered as to why affidavits were not submitted by anyone with direct knowledge of the facts.

We need not determine whether or not the answering papers would have been sufficient to raise a factual issue as to Leonard Lazar if plaintiffs' moving papers had otherwise established his right to summary judgment. *(See, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067.)* We are not persuaded, however, that Herbert Lazar's statement that his brother had not in any way departed from his fiduciary obligations to defendant was sufficient to establish Leonard's right to summary judgment.

It is true that Leonard submitted a reply affidavit denying in detail the hearsay claim that he had undertaken to divert business from the defendant. However, in view of the fact that

this was set forth in a reply affidavit to which the defendant had no right to reply without court permission, we are not persuaded that the record before us justifies granting summary judgment to Leonard on the first cause of action, or dismissing as to him the second affirmative defense and the second and third counterclaims.

Because of the procedural context indicated above, our denial of Leonard's right to summary judgment on these aspects of the litigation is without prejudice to a new motion for summary judgment by him addressed to those issues. Concur—Murphy, P. J., Sandler, Milonas and Rosenberger, JJ.