■ JASON E. RITT, an Infant, by His Parents and Natural Guardians, HAROLD RITT et al., Respondents, v LENOX HILL HOSPITAL, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Michael J. Dontzin, J.), entered July 26, 1991, which denied defendant Lenox Hill Hospital's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff Jason Ritt was born prematurely on December 24, 1977, weighing 4 pounds 13 ounces. He suffers from organic brain damage which is alleged to have been caused by the negligence of Alvin Donnenfeld, M.D., the obstetrician who delivered him, and of employees of defendant Lenox Hill Hospital.

Defendant hospital is alleged, in plaintiff's bill of particulars, to have used "improper prenatal, pre-labor, labor, delivery and post-delivery procedures". While we agree with defendant's contention, on this appeal, that this response is vague, we note that defendant did not move for a further bill of particulars (CPLR 3042 [d]) and therefore defendant will not now be heard to complain that plaintiff's response was insufficient.

It is plaintiff's theory of recovery, expressed in the affidavit of its medical expert, that the alleged brain damage resulted from the failure of the obstetrician to perform a caesarean section, instead rotating the fetus in a "Scanzoni maneuver" in the course of a vaginal birth. Plaintiff's expert further opines that there was a placental abruption and hemorrhage, which caused fetal distress and required resort to caesarean section. His affidavit, submitted in response to the hospital's motion for summary judgment, states: "The fetal heart rate (FHR) was recorded twice, once at 9:20 and again at 10:00 A.M. The nursing staff was negligent and deviated from accepted medical practise [sic] by not recording a FHR every fifteen (15) minutes during labor. Had the nurses and/or Dr. DONNENFELD listened to the fetal heart, they should have detected signs of fetal distress and would have known there was an abruption and a hemorrhage which mandated caesarean section."

In support of its motion, the hospital submitted the largely conclusory affidavit of Frederick E. Lane, M.D. to the effect that the hospital did not depart from good and acceptable medical practice during the course of plaintiff's delivery. Not until its reply did the hospital submit an affidavit which addressed the facts as contained in the medical record. The affidavit of Peter M. Auld, M.D., another medical expert, states:

"3. On December 24, 1977, the fetal heart rate was taken at 9:20 A.M. and 10:00 A.M. The fetal heart rate was normal on both of those occasions. The infant was born at 10:41 A.M. and received APGARS of 8/9 from the pediatric resident in attendance at the delivery. The infant was extremely premature at 32-33 weeks.

"4. At approximately 11:45 A.M. the infant's blood gases were drawn. The results of the blood gases were normal. If the infant had experienced fetal distress between 9:20 A.M. and 10:41 A.M., the blood gases would not have been normal at 11:45 A.M. Consequently, this infant did not experience fetal distress during his labor and delivery at LENOX HILL HOSPITAL on December 24, 1977.

"5. Moreover, if this was a case of placenta abruption the infant would have been in shock at birth; had low APGAR scores; had low blood gases; and/or seizures. This infant was not in shock; had high APGARS; normal blood gases and, experienced no seizures."

Supreme Court denied the hospital's motion for summary judgment, finding that the affidavit of plaintiff's expert, Dr. Hyams, raised a triable issue of fact with respect to defendant's culpable conduct.

Upon this appeal, defendant hospital contends that plaintiff has failed to establish the existence of a triable issue of material fact. However, the threshold issue in deciding a summary judgment motion in a medical malpractice action is whether or not the defendant has made "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). While the affidavit of Dr. Auld together with extracts from the medical record are sufficient to make out a prima facie showing of entitlement to summary judgment, the cursory affidavit of Dr. Lane, submitted with defendant's moving papers, is not. By making, for the first time in its reply, the contention that the medical record does not contain

any indication of fetal distress, defendant has obviated the need for a response by plaintiff (CPLR 2214 [b]); only when a defendant refutes "by specific factual reference the allegations of malpractice made by plaintiff" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 326) does the burden of going forward with the proof shift to the plaintiff "to produce evidentiary proof in admissible form establishing the existence of material questions of fact" (68 NY2d, *supra,* at 326-327).

As we view it, the function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion *(see; Lazar v Nico Indus.,* 128 AD2d 408, 409-410). Nor does it avail defendant to shift to plaintiff, by way of a reply affidavit, the burden to demonstrate a material issue of fact at a time when plaintiff has neither the obligation nor opportunity to respond absent express leave of court (CPLR 2214 [c]; *Lazar v Nico Indus., supra).* We perceive no reason to protract a procedure designed "to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial" *(Di Sabato v Soffes,* 9 AD2d 297, 299) by encouraging submission of yet another set of papers, an unnecessary and unauthorized elaboration of motion practice. If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted.

Plaintiff's case rests on the theory that the hospital was negligent because Mrs. Ritt sustained an abruption of the placenta while in labor, which resulted in fetal distress, which nurses in the employ of the hospital failed to detect, as a result of which the obstetrician proceeded with a vaginal birth, and during the course of which he used the Scanzoni maneuver, causing injury to the infant plaintiff. The hospital, in its moving papers, did not rule out the existence of issues of material fact but raised, for the first time in its reply papers, the issue of whether the hospital record indicates that there existed any fetal distress to be detected. Having failed to adequately and timely resolve the issue upon its motion for summary judgment, defendant must await its resolution by the trier of fact. Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.