■ Claus Dannasch, Appellant, v Richard L. Bifulco, Respondent.—Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered September 16, 1991, which granted defendant summary judgment dismissing the complaint, unanimously reversed on the law, without costs, plaintiff's complaint is reinstated, without prejudice to renewal of the motion for summary judgment, on appropriate papers.

Defendant is the sole stockholder, officer and director of Zachary Building Corp. (Zachary). Plaintiff entered into a contract with Zachary Building Corp., pursuant to which Zachary was to perform remodeling work at plaintiff's Long Island home. Zachary left the project uncompleted due to a dispute between the parties and, pursuant to the terms of the contract, the parties submitted the dispute to arbitration. The arbitration resulted in an award to plaintiff of $61,069 against Zachary. The arbitrator specifically found, however, that no personal liability on the part of Richard L. Bifulco was occasioned by the contract between Zachary and the plaintiff. The arbitration award was confirmed by a judgment of Supreme Court, Nassau County (Kutner, J.) entered on or about January 25, 1990.

By the time the award was confirmed, Zachary had apparently become a defunct entity. Plaintiff, frustrated in his attempts to execute on his judgment, commenced the action which underlies this appeal against Bifulco in Supreme Court, New York County. Plaintiff's complaint alleges, *inter alia,* that Bifulco's sworn answers contained in an Information Subpoena with an annexed Questionaire served on Zachary in connection with plaintiff's execution efforts show that Zachary has no corporate officers, maintains no books of account, had inventory valued at only $179, was then presently out of

business and was a defunct corporation that could not pay its debts. In addition, plaintiff alleged that Bifulco intentionally undercapitalized Zachary, appropriated its assets for his personal use, continually drained income from Zachary, conducted business in disregard of corporate formalities and Zachary's corporate existence and, that actually Zachary conducted the business of Mr. Bifulco rather than its own.

Defendant's motion for summary judgment, although made after joinder of issue, sought dismissal primarily on CPLR 3211 (a) (5) (res judicata) and (7) (failure to state a cause of action) grounds. The motion, which did not reference the section of the CPLR upon which it was based, recited also that it was made pursuant to 22 NYCRR 202.3, and sought dismissal on the ground that the action should have been commenced in Nassau County where the proceedings on the arbitration were held. Plaintiff's opposition to defendant's motion stressed that "the sole relief sought in the case at bar is to pierce the corporate veil of Zachary Building Corp. * * * a New York Corporation that is [a] judgment debtor as a result of an award rendered to Dannasch against Zachary in a prior arbitration proceeding". Defendant in his reply recognized the nature of the relief sought by the plaintiff, and specifically asked the IAS court to consider the summary judgment motion amended to request dismissal of the action on further grounds namely, documentary evidence attached to the reply which was offered to prove that Zachary's corporate form was not ignored by Bifulco and was therefore not merely Bifulco's alter ego.

Our review of the IAS court's decision on which the judgment is based indicates that, rather than determining the motion on the grounds put forth by the defendant-respondent in its moving papers, the court chose to treat the motion as one made pursuant to CPLR 3212 based upon defendant's reply papers and the documents submitted therewith. This is reflected in the IAS court's statements that plaintiff "submitted no papers to dispute Bifulco's documentary showing that the complaint lacks merit", that plaintiff "fail[ed] to claim that necessary facts to oppose the motion are not within its control" and that "[a]bsent such a claim a party cannot defeat a motion for summary judgment without laying bare its proofs in evidentiary form".

Dismissal of plaintiff's complaint in this manner was improper. Plaintiff had no opportunity to respond to defendant's reply absent express leave of the court (CPLR 2214 [c]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560; *Lazar v Nico Indus.*, 128

AD2d 408, 409-410). Moreover, the court failed to give any notice to the parties of its intention to treat the motion made on CPLR 3211 grounds as a motion for summary judgment pursuant to CPLR 3212 *(see, Mihlovan v Grozavu,* 72 NY2d 506). The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion *(Ritt v Lenox Hill Hosp., supra; Lazar v Nico Indus., supra).*

Finally, we find that the allegations of plaintiff's complaint, when given every favorable inference *(Rovello v Orofino Realty Co.,* 40 NY2d 633), adequately state a cause of action for piercing the corporate veil *(see, Walkovszky v Carlton,* 18 NY2d 414). Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal, JJ.