(April 27, 1993)

■ CARMELO AZZOPARDI et al., Appellants, v AMERICAN BLOWER CORPORATION et al., Respondents. (And a Third-Party Action.) [596 NYS2d 404] —Order of the Supreme Court, New York County (William Davis, J.), entered on or about January 14, 1992, which denied plaintiffs' motion to renew or reargue a prior order of the court, dated July 2, 1991, is unanimously reversed on the law, the motion to renew granted and, upon renewal, the motion by defendant 1457 Broadway Times Square for summary judgment dismissal of the complaint as against it is denied, with costs and disbursements.

This action was commenced to recover damages for personal injuries allegedly sustained by plaintiff Carmelo Azzopardi, a superintendent employed at 1457 Broadway, in an accident which occurred while he was at work. In its answer, 1457 Broadway Times Square, which is one of a number of defendants, failed to deny plaintiffs' allegation that it was the lessor of the premises, thereby effectively admitting such assertion. However, following the expiration of the applicable statute of limitations, defendant 1457 Broadway moved for summary judgment, claiming for the first time that it was a landlord out of possession and, thus, had no liability for conditions on the premises. In support of its argument, defendant submitted a copy of a rental lease to defendant Ninth Federal Savings and Loan Association for a 50 year period beginning on December 31, 1954. Then, after plaintiffs opposed the motion, defendant replied by maintaining that one day subsequent to executing the lease to Ninth Federal, it had sold the property. Although defendant had never previously mentioned such a transaction, the Supreme Court granted 1457 Broadway's motion for summary judgment on the sole ground that it had sold the premises, and, as a former owner without any control, it could not bear any responsibility for plaintiff's injuries. Plaintiffs moved to renew or reargue, but the court adhered to its previous determination. This was error.

Contrary to the Supreme Court's conclusion that plaintiffs' papers did not properly make out a request for renewal, their motion did advance new facts not previously available *(see, Martin v Triborough Bridge & Tunnel Auth.,* 180 AD2d 596).

In that regard, the new facts included the admission contained in defendant's answer, the expiration of the statute of limitations and the sequence of events on the prior motion. Plaintiffs' failure to present these matters in connection with the original motion was clearly justified since they had not had an opportunity to respond to a claim raised for the first time in the reply papers. Indeed, the court should never even have considered arguments making their initial appearance in reply papers (*Dannasch v Bifulco,* 184 AD2d 415; *Ritt v Lenox Hill Hosp.,* 182 AD2d 560). As this Court explained in *Dannasch v Bifulco (supra,* at 417), "[t]he function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion". Defendant herein has been permitted to engage in precisely the sort of maneuvers specifically rejected in *Ritt v Lenox Hill Hosp. (supra,* at 562), wherein we observed: "As we view it, the function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion (*see, Lazar v Nico Indus.,* 128 AD2d 408, 409-410). Nor does it avail defendant to shift to plaintiff, by way of a reply affidavit, the burden to demonstrate a material issue of fact at a time when plaintiff has neither the obligation nor opportunity to respond absent express leave of court (CPLR 2214 [c]; *Lazar v Nico Indus., supra).* We perceive no reason to protract a procedure designed 'to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial' *(Di Sabato v Soffes,* 9 AD2d 297, 299) by encouraging submission of yet another set of papers, an unnecessary and unauthorized elaboration of motion practice. If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted."

Accordingly, the motion by 1457 Broadway for summary judgment dismissal of the complaint as against it should have been denied. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.