■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v MORSE SHOE COMPANY, Doing Business as FAYVA SHOE STORE and Another, Respondent. [630 NYS2d 1003] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 12, 1994, which granted defendant Morse Shoe Company's motion to dismiss the complaint as against it based upon plaintiff's failure to file proof of claim in the Bankruptcy Court and said court's discharge of defendant's liability, unanimously reversed, on the law, the motion denied, and the complaint reinstated, without costs.

Plaintiff's insured sustained a loss as the result of a fire that started in premises occupied by defendant. Plaintiff paid the claim of its insured for loss of inventory in the amount of $82,611. In this action, it asserts a claim, as subrogee, to recover against defendant on the theory that the fire was the result of defendant's negligence. However, between the date of the loss and the date plaintiff commenced this action, defendant underwent reorganization pursuant to chapter 11 of the Bankruptcy Code (11 USC).

Defendant moved to dismiss the complaint based upon its discharge in bankruptcy. It is undisputed that plaintiff failed to file a proof of claim against defendant in that proceeding. Plaintiff, in reliance on the Bankruptcy Code (11 USC § 524 [e]), asserts that discharge in bankruptcy avoids only the personal liability of the debtor and does not operate to relieve any other party that might be liable for payment of the claim, specifically, defendant's insurer. In support of its position,

plaintiff cites Insurance Law § 3420 (a) (1), which requires liability insurance policies to provide that insolvency or bankruptcy of the insured shall not release the insurer from the obligation to pay for covered injury or loss sustained while the policy is in effect. Finally, plaintiff argues that defendant should have informed it of the bankruptcy proceeding and should be estopped from relying on plaintiff's failure to file a proof of claim.

In its reply, defendant asserts, for the first time, that the subject policy has a deductible of $100,000 and, therefore, defendant's assets are exposed to judgment, requiring that the protection of the discharge in bankruptcy be extended to plaintiff's claim. Defendant includes two documents with its reply papers that assertedly make the deductible apparent — a "cash flow plan" and an undated "Agreement for Premium Payments", which provides that defendant will be billed for any amount paid to a third party on account of liability incurred under the policy, up to the limit provided in the policy.

It is settled that State courts, with certain exceptions not pertinent here, retain the power to determine the effect of a discharge in bankruptcy (*Chevron Oil Co. v Dobie*, 40 NY2d 712, 715; *State of New York v Wilkes*, 41 NY2d 655, 657; *Vleming v Chrysler Corp.*, 90 AD2d 773, 774). 11 USC § 524 (e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt". Where, as here, a tort claimant seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer, it has been held that suit is not barred by the discharge injunction (*Green v Welsh*, 956 F2d 30 [2d Cir]; *Matter of Edgeworth*, 993 F2d 51, 54, n 6 [5th Cir]).

The matter of the alleged deductible need not detain us. As this Court stated in *Ritt v Lenox Hill Hosp.* (182 AD2d 560, 562): "the function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of the motion (*see, Lazar v Nico Indus.*, 128 AD2d 408, 409-410). Nor does it avail defendant to shift to plaintiff, by way of a reply affidavit, the burden to demonstrate a material issue of fact at a time when plaintiff has neither the obligation nor opportunity to respond absent express leave of court (CPLR 2214 [c]; *Lazar v Nico Indus., supra*). We perceive no reason to protract a procedure designed 'to expedite the disposition of civil cases where no issue of material fact is presented to justify

a trial' (*Di Sabato v Soffes*, 9 AD2d 297, 299) by encouraging submission of yet another set of papers, an unnecessary and unauthorized elaboration of motion practice. If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted." Arguments advanced for the first time in reply papers are entitled to no consideration by a court entertaining a summary judgment motion. This Court has and will require consistent application of the rule (*Azzopardi v American Blower Corp.*, 192 AD2d 453, 454; *Dannasch v Bifulco*, 184 AD2d 415, 415-417).

We note also that the so-called deductible provision relied upon by defendant provides that the insured will reimburse the insurer for its payment on a loss. Thus, it would appear that it is the insurer that bears the primary obligation to pay the claim of a third party notwithstanding that the insured's reimbursement responsibility would be covered by the discharge in bankruptcy. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.