■ BLASE J. CALDERONE, JR., Respondent, v LEON HARREL et al., Appellants, and CITY OF NEW YORK, Respondent. [654 NYS2d 416] —In an action to recover damages for personal injuries, the defendants Leon Harrel and Darren Harrel appeal from an order of the Supreme Court, Queens County (Price, J.), dated April 29, 1996, which denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The instant appeal arises from an incident wherein the plaintiff and the appellant Darren Harrel were standing outside their respective vehicles after the appellants' car hit the rear end of the plaintiff's truck. A Department of Sanitation salt spreader skidded on the icy road into the appellants' vehicle, causing the plaintiff to leap out of the way and land on a snow mound on the side of the road. As a result, the plaintiff sustained injuries to his back.

There is no merit to the appellants' contention that the Supreme Court erred in denying their motion for summary judgment because the second incident involving the salt spreader was a superseding event and the proximate cause of the plaintiff's injuries.

" 'Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal con-

nection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence' " (*Cruz v City of New York,* 218 AD2d 546, 548, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Huber v Malone,* 229 AD2d 469; *Betancourt v Manhattan Ford Lincoln Mercury,* 195 AD2d 246, 250). "[Since] questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve" (*Cruz v City of New York, supra,* at 548, quoting *Derdiarian v Felix Contr. Corp., supra,* at 315; *see also, Nowlin v City of New York,* 81 NY2d 81, 89; *Lynch v Bay Ridge Obstetrical & Gynacological Assocs.,* 72 NY2d 632, 636-637).

The appellants' contention that the plaintiff failed to establish that he suffered a "serious injury" within the meaning of Insurance Law § 5102 (d), was not raised in the appellants' papers upon the motion for summary judgment (*see,* CPLR 2214 [a]), and was improperly raised for the first time in the appellants' reply affirmation (*see, Scherrer v Time Equities,* 218 AD2d 116, 120; *Dannasch v Bifulco,* 184 AD2d 415, 416-417; *Ritt v Lenox Hill Hosp.,* 182 AD2d 560, 561). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.