■ BRIAN S. PINKOW et al., Appellants, v MATTHEW W. HERFIELD et al., Respondents. (And a Third-Party Action.) [695 NYS2d 20] —Order, Supreme Court, New York County (Joan Madden, J.), entered December 22, 1998, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Brian S. Pinkow sustained injury when the 1996 Acura sedan in which he was a front-seat passenger skidded, spun around and collided backwards with a tree on the opposite side of Underhill Boulevard, a four-lane roadway located in Syosset, Nassau County. The vehicle, owned by defendant American Honda Finance Company and registered to defendant Steven Herfield, was being operated by his son, defendant Matthew Herfield. As a result of the accident, the injured plaintiff, who was wearing a seat belt, was paralyzed from the chest down. This action seeks damages for personal injuries sustained by Brian Pinkow and for loss of services and medical expenses incurred by his father, Jeffrey M. Pinkow.

In support of their motion for summary judgment, plaintiffs submitted the affidavit of Brian Pinkow, which states that, immediately prior to the accident, he warned defendant Matthew Herfield to slow down because it was raining heavily and the car was being driven at approximately 55 miles per hour in an area where the speed limit is 45 miles per hour. The affidavit states that the injured plaintiff remembers the car spinning out of control and into the opposing lanes but has no further recollection of the accident.

The record also contains the statement of Russell Kwiat, taken by a police officer who investigated the accident: "On Sunday May 25, 1997 at about 5:00 p.m., I was driving my father's 1995 Jeep Grand Cherokee northbound on Underhill Blvd in Syosset. I was alone. As I was driving I saw a black Integra about 50 yards in front of me. The car was also northbound. The brake lights kept going on and off. I thought he was about to make a turn. He was in the left lane. I proceeded northbound and passed this auto. I did not see who

was inside because the windows were tinted. After I passed him, he passed me at a high rate of speed. He was about 100 yards in front of me when I saw him start to skid near a curve in the road. The car did a 180 degree turn skidded across the road and backwards into a tree. After I saw him hit the tree I pulled over and called the police with my cell phone. The police arrived and I left and went home."

At his examination before trial, the investigating officer stated, "I walked the accident route and I tested the surface to see if there were any slick spots or problems in the roadway and there were none that I could determine." He described Underhill Boulevard as "a well designed road with few curves or hazards in it." He added, "I personally have driven down that road when responding to assignments when I was a uniform officer in excess of 60 safely. No problems, providing the weather is clear. Under these conditions, 50 was excessive."

In opposition to the motion, defendants took the position that excessive speed was not a significant contributing factor in the accident. Defendants argued, "There are substantial questions concerning the design, surfacing, maintenance and safety of the roadway."

In reply, plaintiff asserted that defendants' opposition to the motion was based on mere conjecture. He noted that counsel "has not proffered the professional opinion of a consulting engineer to support a theory of an unsafe roadway; further, he has not come forward with any *evidence* other than the excessive speed of the driver * * * as constituting a *substantial factor* in causing the catastrophic injuries to the plaintiff" (emphasis in original).

Several months after submission of plaintiffs' reply papers, defendants submitted a sur-reply, with leave of court. Attached to counsel's affidavit is the statement of an accident investigator engaged by defendants, who concluded that the design of the roadway and the slickness of its surface "were the proximate cause in whole or in part of the loss of control" by defendant Matthew Herfield.

On appeal, defendants contend that summary judgment is precluded by issues of fact, including whether the car was being driven above the speed limit or above a speed appropriate to the conditions, and whether the roadway was surfaced with a material that renders it unsafe in wet weather. Plaintiff responds that any alleged imperfection in the road surface does not constitute a superseding cause of the accident.

We agree. There is simply no competent evidence to suggest that the proximate cause of plaintiff's injuries was anything

other than the operation of the vehicle at a speed in excess of what road and weather conditions warranted (Vehicle and Traffic Law § 1180 [a], [e]; *see, Gleich v Volpe*, 32 NY2d 517, 522). The statement of defendants' expert was submitted after plaintiff's reply and is not entitled to consideration. This Court has consistently refused to protract summary judgment motion practice beyond the papers specified in CPLR 2214 (b) (*Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626; *Azzopardi v American Blower Corp.*, 192 AD2d 453, 454 [quoting *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562]; *Dannasch v Bifulco*, 184 AD2d 415, 416-417). In any event, the slickness of a wet roadway and the loss of traction resulting from an accumulation of water are obvious motoring hazards requiring a driver to exercise caution. It is unavailing to raise the ambient conditions by way of defense when the negligence charged is the driver's lack of due care in response to such conditions.

Plaintiffs have made "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Plaintiff Brian Pinkow stated that the Herfield vehicle was exceeding the speed limit at the time of the accident. An eyewitness supports plaintiff's contention that the vehicle was traveling "at a high rate of speed." Finally, the investigating police officer testified that the damage sustained by the vehicle "indicated to me there had to be an excessive amount of speed." Defendants have simply failed to controvert plaintiff's evidence that the vehicle was operated at a rate of speed that was excessive in view of prevailing conditions. Thus, they have failed to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*supra,* at 324).

Based upon hearsay contained in the record, defendants suggest that defendant Matthew Herfield indulged in a race with the vehicle driven by Russell Kwiat or, as the investigating officer put it, "got into some kind of a I pass you, you pass me kind of leap frog activity" resulting in an increase in the speed of the vehicles. Even granting credence to less than competent evidence for the purposes of opposing a summary judgment motion (*Phillips v Kantor & Co.*, 31 NY2d 307, 312), it should be apparent that participation in street racing serves only to elevate the misconduct from mere negligence to recklessness. Concur—Sullivan, J. P., Mazzarelli, Lerner, Rubin and Saxe, JJ.