OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
*3 In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment, asserting that plaintiffs assignor was not a passenger on defendant’s bus when the accident occurred and that, even if she was a passenger on the bus, defendant was not liable for no-fault benefits because a member of the assignor’s household, her husband, owned a car which was insured on the date of the accident. The court granted plaintiff’s motion for summary judgment and denied defendant’s cross motion. This appeal by defendant ensued.
[1] Inasmuch as defendant raises no issue on appeal with respect to plaintiffs establishment of its prima facie case, we do not pass on the propriety of the implicit determination of the court below with respect thereto. In opposition to plaintiffs motion for summary judgment and in support of its cross motion, defendant submitted an affidavit executed by the driver of the bus which was involved in the accident at issue. Said affidavit was insufficient to demonstrate that defendant possessed a “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]) because it merely stated that more than five years after the accident, the bus driver had no recollection of a person with plaintiffs assignor’s name being a passenger on his bus at the time of the accident. Accordingly, said affidavit failed to demonstrate defendant’s prima facie entitlement to summary judgment and it was also insufficient to establish the existence of a triable issue of fact with regard to whether plaintiffs alleged injuries did not arise from the accident involving the bus.
To the extent defendant also sought summary judgment on the ground that it was not obligated to provide no-fault benefits to plaintiff’s assignor by virtue of the fact that her husband owned a car which was insured on the date of the accident, such a defense was predicated upon statements made by plaintiffs assignor during her examination, which was conducted pursuant to General Municipal Law § 50-h, and upon printouts of insurance activity expansion reports, which were annexed to defendant’s cross motion as an exhibit. However, the purported insurance activity expansion reports were not certified and, in support of its cross motion, defendant made no attempt to establish that said reports constituted evidence in admissible form. Although defendant subsequently served a *4 reply affirmation which attempted to lay a foundation for the admission of said reports, defendant could not establish its entitlement to judgment as a matter of law by submitting as part of its reply papers sufficient evidence in admissible form to cure the defect in defendant’s cross motion (see Canter v East Nassau Med. Group, 270 AD2d 381 [2000]; Fischer v Edward M. Weiland M.D., EC., 241 AD2d 439 [1997]; Calderone v Harrel, 237 AD2d 318 [1997]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624 [1995]; Ritt v Lenox Hill Hosp., 182 AD2d 560 [1992]). Moreover, defendant’s reliance upon statements made by plaintiffs assignor at her General Municipal Law § 50-h examination is misplaced since the unsigned transcript of her testimony did not establish that, on the date of the accident, she or another member of her household owned a car and that the car was insured. As a result, defendant failed to establish that it was entitled to summary judgment based upon its defense that there was another insurance policy which was required to pay no-fault benefits on behalf of plaintiffs assignor or that there was a triable issue of fact as to this defense which warranted denial of plaintiffs motion for summary judgment. In light of the foregoing, the order granting plaintiffs motion for summary judgment and denying defendant’s cross motion for summary judgment is affirmed, albeit on other grounds.
Golia, J.
(concurring in part and dissenting in part and voting to modify the order and deny plaintiffs motion for summary judgment and defendant’s cross motion for summary judgment in the following memorandum). Contrary to the majority, I find that the statements made by plaintiffs assignor at her General Municipal Law § 50-h hearing, regarding her family and auto ownership, were more than sufficient to raise a triable issue of fact as to whether defendant was liable for payment of first-party benefits. This is especially true in light of the failure of plaintiffs assignor to deny or “correct” that statement.
I also find that it is not necessary for the defendant to attach a sworn transcript of plaintiff’s assignor’s 50-h hearing testimony in opposition to plaintiff’s motion. An unsigned transcript of plaintiff’s assignor, when it accompanies the defendant’s opposition papers, is sufficient to warrant a denial of a motion for summary judgment (see also Levbarg v City of New York, 282 AD2d 239, 241 [2001]).
Indeed, in this case, there is even more. Plaintiffs assignor failed to respond to plaintiffs medical history questionnaire as *5 to whether or not she, or a family member with whom she resided, owned a car and whether it was insured. Nevertheless, despite the absence of such information, plaintiff medical provider elected to treat its assignor and then file a claim with defendant when it had insufficient knowledge to believe that defendant was responsible therefor.
In addition, I find that this defendant clearly demonstrated a “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). Defendant submitted the sworn affidavit of Frank Noble II stating that he was the driver of the bus at the time of the subject accident. He further swears to the fact that he has “no record ... of a passenger named Helen Boddie-Khan on my bus at the time of the accident” (see Millennium Med. Instruments Inc. v NYC Tr. Auth., 10 Misc 3d 139[A], 2005 NY Slip Op 52205[U] [App Term, 2d & 11th Jud Dists 2005]). This bus driver’s assertion that he generated some sort of “record” of the people on the bus and that Ms. Khan’s name was not contained in that “record” is more than sufficient to raise a “founded belief” that the assignor was not injured as a result of this incident.
In view of the above, I would deny plaintiffs motion for summary judgment.
Weston Patterson, J.P, and Belen, J., concur; Golia, J., concurs in part and dissents in part in a separate memorandum.