OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the matter is remitted to the District Court for a new determination of the branch of plaintiffs motion seeking to dismiss defendant’s counterclaims pursuant to CPLR 3211 (a) (1) and (7).
Plaintiff, The Law Offices of D’Amico & Associates, PLLC (the D’Amico firm), commenced this action against defendant Dianna D’Elia, its former client, to recover $10,701.93 in unpaid legal fees, alleging causes of action for breach of contract, account stated and quantum meruit. The legal services had been rendered in connection with plaintiffs representation of defendant in an action that had been brought against her by the estate of her late father. Defendant answered and asserted counterclaims for legal malpractice with respect to plaintiffs representation of her in that action as well as plaintiffs representation of her in a proceeding involving the distribution of the estate of her late uncle and in her purchase of a home.
Thereafter, plaintiff moved, pursuant to CPLR 3211 (a) (1) and (7), to, among other things, dismiss defendant’s counterclaims, which motion defendant opposed. Prior to the return date of plaintiffs motion, the Supreme Court, in a related action involving the same parties in which Ms. D’Elia alleged a claim for legal malpractice against the D’Amico firm for its representation of Ms. D’Elia in the estate matters and the home purchase, granted the D’Amico firm’s motion to dismiss the complaint insofar as asserted against it, based upon the documentary evidence submitted as well as upon Ms. D’Elia’s failure to state a cause of action. By letter, plaintiffs counsel advised the District Court of the Supreme Court decision, presumably implicitly requesting that the District Court dismiss defendant’s counterclaims on res judicata grounds, pursuant to CPLR 3211 (a) (5). In an order dated October 20, 2009, the *30 District Court dismissed defendant’s counterclaims, based on a finding that they were identical to the claims for legal malpractice asserted by Ms. D’Elia against the D’Amico firm in the Supreme Court action.
While plaintiff, in its initial moving papers, sought to dismiss defendant’s counterclaims pursuant to CPLR 3211 (a) (1) and (7), it did not, in those papers, seek dismissal based upon res judicata pursuant to CPLR 3211 (a) (5), and it implicitly sought dismissal on res judicata grounds, if at all, only by letter to the District Court. New theories and arguments in support of a motion which do not appear in the initial moving papers should not be considered by the motion court (see e.g. Ritt v Lenox Hill Hosp., 182 AD2d 560 [1992] [reply papers should not be used to raise new arguments]). By granting plaintiff relief on the alternative ground implicitly raised by its letter, the District Court relieved plaintiff of its burden of demonstrating in its initial moving papers that the claims asserted against the D’Amico firm in the Supreme Court action were the same as those asserted against it in defendant’s counterclaims in the instant action, and deprived defendant of a meaningful opportunity to contest that issue (see Fergusson v Dumbacher, 21 Misc 3d 145[A], 2008 NY Slip Op 52547[U] [App Term, 1st Dept 2008]; Zarintash v Kopple, 5 Misc 3d 130[A], 2004 NY Slip Op 51309[U] [App Term, 1st Dept 2004]). Accordingly, it was error for the District Court to dismiss defendant’s counterclaims on the alternative ground of res judicata implicitly raised by plaintiff.
In view of the foregoing, the order is reversed, and the matter is remitted to the District Court for a new determination of the branch of plaintiff’s motion seeking to dismiss defendant’s counterclaims pursuant to CPLR 3211 (a) (1) and (7). This disposition is without prejudice to plaintiffs seeking dismissal of defendant’s counterclaims on the ground of res judicata upon proper notice.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.