[6 NYS3d 908]

JP MORGAN CHASE, N.A., Plaintiff, v CHARLES HAGEMEYER et al., Defendants.

Supreme Court, Suffolk County, February 11, 2015

## APPEARANCES OF COUNSEL

*Dollinger, Gonski & Grossman*, Carle Place, for plaintiff.

*Dennis M. Brown, County Attorney*, Hauppauge (*Patricia A. Rouse* of counsel), for County of Suffolk, defendant.

### OPINION OF THE COURT

JOSEPH C. PASTORESSA, J.

Ordered that the motion by the plaintiff for an order (a) pursuant to CPLR 3212, granting summary judgment declaring (i) that the treasurer's deed issued to the County of Suffolk as incident to a tax lien sale is void as against the real property that is the subject of this action, (ii) that the interests of the plaintiff in and to the subject property were not cut off thereby, (iii) that the mortgage presently held by the plaintiff is a valid first mortgage lien against the subject real property, and (iv) that either the plaintiff or defendants Charles Hagemeyer and Gina Marie Hagemeyer can redeem the subject property upon the payment of all outstanding real property taxes, and (b) correcting the name of the plaintiff from JPMorgan Chase, N.A. to JPMorgan Chase Bank, N.A., is *denied*; and it is further ordered that the cross motion by defendant County of Suffolk for an order pursuant to CPLR 3212, granting summary judgment dismissing the complaint, is granted to the extent indicated below, and is otherwise *denied*.

This action, brought pursuant to RPAPL article 15, is to compel the determination of claims to certain real property located at 111 Cherubina Lane, North Babylon, New York. The plaintiff commenced the action by filing of a summons and complaint on January 8, 2013. Issue was joined by defendant County of Suffolk on or about January 27, 2013. Defendants Charles Hagemeyer and Gina Marie Hagemeyer have not answered the complaint or otherwise appeared in the action.

The plaintiff alleges in its complaint that the Hagemeyers acquired title to the property on or about August 1, 1995; that on or about February 26, 2004, the Hagemeyers obtained a loan from Flagstar Bank, FSB in the amount of $300,000; that to evidence the debt and to secure payment of the loan, the Hagemeyers executed and delivered to Flagstar a note and mortgage on the property; that the mortgage was recorded in the office of the Suffolk County Clerk on March 23, 2004; that on or about March 31, 2012, Mortgage Electronic Registration Systems, Inc., as Flagstar's nominee, assigned the note and mortgage to the plaintiff; and that the assignment was recorded in the office of the Suffolk County Clerk on June 27, 2012. It also appears that on July 30, 2010, Gina Marie Hage-

meyer filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, that she received a discharge in bankruptcy on October 26, 2010, and that the bankruptcy case was closed on January 4, 2011.

According to the records of the Suffolk County Treasurer, the Hagemeyers defaulted in the payment of taxes levied on the property for the 2006/2007 tax year. On December 7, 2007, the County of Suffolk purchased the tax lien at auction. Notice to redeem the property within three years of the date of the tax lien sale (i.e., by Dec. 7, 2010) was delivered by the Suffolk County Treasurer to the Hagemeyers by certified mail on or about August 12, 2010, during the pendency of the bankruptcy proceeding.* When the Hagemeyers subsequently failed to redeem the tax lien, the County acquired the property by tax deed dated August 23, 2011 and recorded on August 24, 2011.

By way of this action, the plaintiff seeks to invalidate the tax lien and to establish itself as the holder of a valid first mortgage against the property. The plaintiff contends that by reason of the bankruptcy filing, all of Gina Marie Hagemeyer's creditors were automatically stayed by operation of 11 USC § 362 (a) from taking any action against her to collect any debt; since notice to redeem was given while the bankruptcy case was still pending, it was without force and effect, and her time to redeem has not yet expired. The County objects to the plaintiff's standing to maintain this action, and further contends that it did not violate the automatic stay, as 11 USC § 362 (b) excepts from the stay certain procedures to collect real estate taxes.

Now before the court are the parties' respective motions for summary judgment.

Upon review, the court finds the County's argument on summary judgment the more persuasive. Even assuming, without deciding, that the plaintiff possesses the requisite standing to sue, it would seem that the giving of a notice to redeem (as here, under section 52 of the Suffolk County Tax Act) falls

---

* Subdivision (1) of Suffolk County Tax Act (L 1920, ch 311, as amended) § 52 provides, in part, that

"[n]otice of unredeemed real estate shall be given and published by the county treasurer at least three months before the expiration of the 12 months allowed for the redemption of unimproved or nonresidential real estate sold by him for taxes and assessments, or at least three months before the expiration of the 36 months allowed for the redemption of residential real estate."

within an exception to the automatic stay which provides that the filing of a bankruptcy petition does not operate as a stay "of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546 (b) of this title" (11 USC § 362 [b] [3]).

> "Although 11 USC § 362 (a) prohibits both the perfection of liens and the enforcement of liens post-petition, Section 362 (b) creates an exception for actions to perfect or maintain the perfection of certain liens. Actions which do not demonstrate an effort to exercise control over the property and that do not result directly in the issuance of a deed, but rather are only steps needed to preserve the tax purchaser's right to seek a deed, are more in the nature of perfection of an interest than enforcement, and 'fall within the "perfection" exception to the automatic stay.' Therefore, 'the acts required of the tax-sale purchaser in order to preserve its in rem claim against the delinquent real property are excepted from the stay by § 362 (b) (3).' The excepted acts would include the acts which must be completed . . . prior to the expiration of the redemption period, including 'filing the tax-deed petition and sending the notices of the redemption-period,' but would not include further actions of enforcement, such as the filing of an application for an order issuing the tax deed, a hearing on the application, or the actual issuance of a tax deed." (*In re Carmona-Huerta*, 2009 WL 3497125, *2, 2009 Bankr LEXIS 5720, *6-7 [ND Ill, Oct. 23, 2009, No. 07-B-73065] [citations omitted]; *accord In re Giddens*, 298 BR 329 [ND Ill 2003].)

Since the action of giving of a notice to redeem is one to preserve rather than to enforce the tax lien, it should be excepted from the stay. It would also seem that the action meets the requirements of 11 USC § 546 (b), which subjects the trustee's rights and powers to any applicable law that allows a creditor who has a pre-petition interest in property to perfect or to maintain the perfection of an interest within a certain period of time after the interest attaches (*cf. In re Parr Meadows Racing Assn., Inc.*, 880 F2d 1540 [2d Cir 1989], *cert denied sub nom. Suffolk County Treas. v Barr*, 493 US 1058 [1990]). The court finds, therefore, that the County did not violate the automatic stay by giving the required notice to redeem while

the bankruptcy matter was pending. To the extent the plaintiff seeks to demonstrate in its reply a violation of due process requirements, the court notes that reply papers may not be used to introduce new arguments in support of a motion (*see Dannasch v Bifulco*, 184 AD2d 415 [1992]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560 [1992]).

Accordingly, the County is entitled to the entry of judgment in its favor declaring the validity of the August 23, 2011 tax deed as against the plaintiff, and otherwise declaring the validity of the parties' respective claims to the property in accordance with this order (*see* RPAPL 1521).

Since this order finally disposes of all the competing claims in this action, the plaintiff's further request to correct its name is *denied* as moot.