New Beginnings Chiropractic, P.C., as Assignee of MARK GONZALEZ, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered August 8, 2013. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that plaintiff's motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. By order entered August 8, 2013, the Civil Court granted plaintiff's motion and denied defendant's cross motion.
Contrary to defendant's contention, the initial affirmation submitted in support of defendant's cross motion by a partner in the law firm retained by defendant to conduct examinations under oath (EUOs) of plaintiff's assignor was not made on personal knowledge and, therefore, defendant failed to establish, as a matter of law, its entitlement to summary judgment dismissing the complaint (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). We note that defendant could not cure the defect in its cross motion by submitting a different affidavit in reply (see Canter v East Nassau Med. Group, 270 AD2d 381 [2000]; Fischer v Edward M. Weiland M.D., P.C., 241 AD2d 439 [1997]; Calderone v Harrel, 237 AD2d 318 [1997]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624 [1995]; Ritt v Lenox Hill Hosp., 182 AD2d 560 [1992]). 
With respect to plaintiff's motion, we find that plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as plaintiff did not establish that defendant's defense lacked merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that plaintiff's motion for summary judgment is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016