Calleja v AI 229 W. 42nd St. Prop. Owner, LLC (2018 NY Slip Op 00338)





Calleja v AI 229 W. 42nd St. Prop. Owner, LLC


2018 NY Slip Op 00338


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5484 301498/12

[*1]Raul Calleja, Plaintiff,
v
AI 229 West 42nd Street Property Owner, LLC, et al., Defendants.
AI 229 West 42nd Street Property Owner, LLC, Third-Party Plaintiff-Respondent,
v
Nurminen Construction Corporation, et al., Third-Party Defendants, Daffy's Inc., Third-Party Defendant-Appellant.


Marshall, Dennehy, Warner, Coleman & Goggin, Rye Brook (Joseph J. Rava of counsel), for appellant.
Law Offices of Crisci, Weiser & McCarty, New York (David P. Weiser of counsel), and Lamonica Herbst & Maniscalco, LLP, Wantagh (Adam Wofse of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 2, 2016, which, to the extent appealed from, denied third-party defendant Daffy's Inc.'s motion to dismiss the third-party complaint as against it, unanimously affirmed, with costs.
The court correctly determined that this third-party action against Daffy's Inc. is not barred by the "Stipulated Order" in Daffy's bankruptcy proceeding, in which third-party plaintiff AI 229 West 43rd Street Property Owner, LLC, waived and released any claims or causes of action relating to or arising under its lease with Daffy's, and the lease was "rejected and terminated." The motion papers make it clear that AI 229 West seeks to establish Daffy's liability in the underlying personal injury action for the sole purpose of recovering under Daffy's insurance policy in effect at the time of the accident. Because the policy would not inure to Daffy's pecuniary benefit, it was not part of the bankruptcy estate, and thus it is not covered by the Stipulated Order (see In the Matter of Edgeworth, 993 F2d 51, 55-56 [5th Cir 1993]). Moreover, this Court has recognized that "a claim asserted for the sole purpose of establishing the liability of a party's insurer is not barred by that party's discharge in bankruptcy" (Roman v Hudson Tel. Assoc., 11 AD3d 346, 247 [1st Dept 2004], citing Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624 [1st Dept 1995]).
To the extent Daffy's argues that there is no evidence in the record that it had insurance coverage at the time of the underlying accident and that the third-party complaint is not limited either to the insurance coverage or by any stated amount, these arguments do not compel the dismissal of the third-party complaint as against Daffy's at this stage. AI 299 West, which admits unequivocally that Daffy's is not liable for any claim in its bankruptcy case or against its estate, will have to establish the facts to support its claim for insurance proceeds. The [*2]bankruptcy court's retention of exclusive jurisdiction over issues arising from the bankruptcy does not affect AI 229 West's claim since, as indicated, the insurance proceeds are not included in the bankruptcy estate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK