Small v City of New York (2018 NY Slip Op 02431)





Small v City of New York


2018 NY Slip Op 02431


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6244 23325/03

[*1]Marietta Small, etc., et al., Plaintiffs-Appellants,
v
City of New York, et al., Defendants-Respondents.


Rubert & Gross, P.C., New York (Soledad Rubert of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered September 22, 2015, which granted defendants' motion for summary judgment dismissing the cause of action alleging violations of 42 USC § 1983, and denied plaintiffs' cross motion for summary judgment on liability on that cause of action and to substitute certain named defendants in place of "John Doe, M.D.," defendant, unanimously modified, on the law, to deny defendants' summary judgment motion, and otherwise affirmed, without costs.
In September 2001, the decedent, Miguel Nesbitt, tested positive for exposure to tuberculosis, and began receiving INH therapy (Isoniazid and vitamin B6) to help prevent the onset of the disease. He continued this therapy when he became an inmate at Rikers Island Correctional Facility in December 2001. On May 29, 2002, after he was released from the segregated unit at Rikers, Nesbitt fell ill and died two days later at Elmhust Hospital from liver failure due to side effects from his treatment with Isoniazid.
On August 29, 2003, plaintiffs, the co-administrators of Nesbitt's estate, commenced this action against the City defendants, as well as against John Doe, M.D., asserting causes of action for medical malpractice and wrongful death, as well as a § 1983 claim alleging that the defendants violated Nesbitt's constitutional rights by failing to adopt and/or enforce proper procedures providing inmates access to medical care and treatment in a manner that constituted deliberate indifference to Nesbitt's right to medical care and treatment, and by failing to properly or effectively train and supervise City medical staff engaged in providing Nesbitt medical care.
In November 2012, defendants moved for partial summary judgment dismissing the § 1983 cause of action, arguing, among other things, that plaintiffs' cause of action should be dismissed in light of the evidence of a medical protocol concerning "tuberculosis therapy" on Rikers Island that was in place at the time of Nesbitt's death, which included a monitoring protocol providing that liver function tests should be performed monthly.
The court found that defendants made a prima facie showing of entitlement to judgment as a matter of law on the § 1983 claim, finding that the above medical protocol, although it was unsigned and uncertified, demonstrated an official policy designed to protect the rights of inmates like Nesbitt.
In this appeal, defendants, for the first time, admit that the medical protocol they relied on in support of their summary judgment motion, and on which the court relied, applied to inmates with active tuberculosis and did not apply to an inmate like Nesbitt undergoing INH therapy for latent tuberculosis. Instead, they assert that another unsigned and uncertified medical protocol, which they attached to their papers in reply and in opposition to plaintiffs' cross motion and which they cited as part of the policy but misidentified, applied to inmates with latent tuberculosis and provided for monthly liver function blood tests.
We find that on the above record, defendants have not met their burden for summary judgment dismissal of the § 1983 claim. The protocol for treatment on which defendants rely in [*2]support of their motion was improperly submitted for the first time in reply (see e.g. Lazar v Nico Indus., 128 AD2d 408, 410 [1st Dept 1987]; see also Ritt v Lenox Hill Hosp., 182 AD2d 560, 562, [1st Dept 1992]). Furthermore, the uncertified protocol "is not in admissible form and thus lacks evidentiary value" (Cashman v Berroa, 101 AD3d 563, 563 [1st Dept 2012]; see also Raposo v. Robinson, 106 AD3d 593 [1st Dept 2013]).
On the other hand, the court properly denied plaintiffs' motion for summary judgment on that claim. Plaintiffs failed to show that the evidence requires, as a matter of law, a finding that the protocol relied on by defendants in this appeal was constitutionally deficient, or that defendants tolerated a custom of failing to enforce the policy, or failed adequately to train their personnel in any such protocol.
The court properly denied plaintiffs' motion for leave to amend the complaint to substitute the proposed individual defendants for John Doe, M.D. Plaintiffs have not satisfied the procedural requirements under CPLR 1024 or CPLR 203(f).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK