Matter of Mariana Trading Inc. v Amazon.Com Servs., LLC (2024 NY Slip Op 04911)

Matter of Mariana Trading Inc. v Amazon.Com Servs., LLC

2024 NY Slip Op 04911

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 651075/23 Appeal No. 2765 Case No. 2023-06547 

[*1]In the Matter of Mariana Trading Inc., Petitioner-Appellant,
v
Amazon.Com Services, LLC, et al., Respondents-Respondents.

Julie Guo, New York, for appellant.
Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about September 20, 2023, which denied the petition to vacate a final arbitration award, dated November 30, 2022, and granted respondents' cross-petition to confirm the award, unanimously affirmed, without costs.
Petitioner was a registered seller on respondents Amazon.Com Services, LLC and Amazon.Com, Inc.'s (together, Amazon) online platform. Amazon deactivated petitioner's account because it found that petitioner had violated the customer product review policies in Amazon's Business Solutions Agreement (BSA). At arbitration, petitioner sought the release of its account funds, representing customer payments for its sold merchandise, that Amazon had frozen.
Supreme Court properly granted the cross-petition to confirm the arbitration award. Contrary to petitioner's contention, the arbitrator's rejection of petitioner's claim that, under Washington State law, section 2 of the BSA is an unenforceable penalty, rather than a liquidated damages clause, was not a manifest disregard of the law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481 [2006], cert dismissed 548 US 940 [2006]; Matter of Daesang Corp. v NutraSweet Corp., 167 AD3d 1, 4-5, 15-16 [1st Dept 2018], lv denied 32 NY3d 915 [2019]). The arbitrator found that the amount of losses withheld, $278,574.69, when compared to petitioner's total sales of $2,612,112.50, was not unconscionable. Furthermore, petitioner agreed to the express terms of the BSA, and had other options for online selling of its merchandise. Accordingly, the arbitrator's analysis demonstrates that the award had at least a "barely colorable" basis for its conclusion (Wien & Malkin, 6 NY3d at 479-480).
Petitioner's remaining public policy arguments were untimely made before Supreme Court in its reply brief and, in any event, are unavailing (see Azzopardi v American Blower Corp., 192 AD2d 453, 454 [1993]; see also Denson v Donald J. Trump for President, Inc., 180 AD3d 446, 450 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024