CHARLES H. PARSONS, Suing on His Own Behalf, etc., Appellant, *v.* RAYROSA REALTY CORPORATION and Others, Defendants, Impleaded with MAX MENSCH and Another, Respondents.

ALFRED R. PAGE, Permanent Receiver of Defendant RAYROSA REALTY CORPORATION, Appellant.

First Department, March 1, 1929.

*William G. Phlippeau,* for the appellants.

*Irving D. Lipkowitz* of counsel [*Cohn & Lipkowitz,* attorneys], for the respondents.

PROSKAUER, J.   This action was brought to set aside a fraudulent transfer of an apartment house by the defendant Rayrosa Realty Corporation to the defendants Mensch and Max Mensch, Inc. The opinion of the trial justice, published on October 24, 1928, held the transfers in fraud of creditors.   The decision and judgment were not actually signed until November 2, 1928, but Mensch does not deny that he knew of this decision upon publication thereof. With full knowledge of the opinion this defendant on the first three days of November, 1928, collected from the tenants in the apartment house the sum of $2,015, which were the rents for the month of November, 1928, payable on November first.   After due demand he has refused to pay these moneys over to the receiver appointed in the judgment.   This appeal is from an order denying a motion to direct him to pay the money so collected to the receiver.

Sanction of the conduct of the defendant Mensch in this case would establish a principle which might render nugatory every judgment in equity.   In *Underhill* v. *Schenck* (205 App. Div. 182, 187), KELLY, P. J., referred to the old practice in the Court

of Chancery where " a party might be punished for contempt when he knowingly violated an order or decree of the chancellor although at the time it had not been served upon him or in fact entered." And the opinion continues: " It is no new principle that a person may be held guilty of the offense of contempt, for having done an act after the court had decided to enjoin its doing; although that decision had not been formally and technically carried out, or formulated, into an order or writ."

In *Bartholomay Brewery Co.* v. *O'Brien* (172 App. Div. 784; affd., 220 N. Y. 587) the rule was thus stated by MERRELL, J.: " It matters not that the judgment establishing the lien and directing the foreclosure had not been formally entered, but merely announced by the court from the bench."

Mensch knew perfectly well before November first that the court had decided that he was not entitled to this real estate or to any of the rents or profits thereof. In defiance of that decision he indulged in a race with the receiver to collect the November rents. We cannot, even temporarily, until the accounting before the referee, sanction his retention of the proceeds of such an undertaking.

This order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted to the extent of two thousand and fifteen dollars, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to extent of two thousand and fifteen dollars, with ten dollars costs. Settle order on notice.