◼ ARTHUR J. TRAUT, Respondent-Appellant, v JACQUELINE H. TRAUT, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), entered August 9, 1989, as (1) determined the value of the plaintiff husband's business and awarded her $71,600, representing her equitable share thereof, and (2) awarded the plaintiff husband one-half the value of the marital residence, and the plaintiff husband cross-appeals from so much of the same judgment as (1) awarded the wife $10,260.50, representing arrears of temporary maintenance, and (2) awarded the wife one-half the value of the real property upon which his business is located.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by (1) adding a provision to paragraph (i) of the second decretal paragraph thereof directing that upon the sale of the marital residence, the wife is to receive $10,000 before the remaining proceeds are divided evenly between the parties, or, in the event she chooses to retain title, that the fair market value or the price offered by a bona fide purchaser be reduced by $10,000 before calculating the amount to be paid over to the husband, and (2) increasing the distributive award in paragraph (viii) of the second decretal paragraph thereof from $71,600 to $72,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In its equitable distribution of the marital residence, the

court failed to consider that the wife contributed separate property toward the purchase of the marital residence. Under the circumstances, the wife is entitled to recoup her $10,000 contribution of separate property before the equitable distribution of the martial residence is made *(see, Vogel v Vogel,* 156 AD2d 671; *see generally, Butler v Butler,* 171 AD2d 89).

The record indicates that the court properly directed equitable distribution of the real property known as 277 Nelson Avenue, Staten Island, where the husband's insurance business, Arthur J. Traut and Company, Inc., is located. The husband correctly asserts, and the wife's attorney conceded at oral argument, that $35,000 of the value of the Nelson Avenue property was reflected in the husband's business records as a net asset, and was considered in the valuation of the husband's insurance business by an expert witness. Although there was no error in the court's determination that the valuation of the husband's insurance business by that expert was more credible *(see, Rosenberg v Rosenberg,* 155 AD2d 428, 430),* that valuation, i.e., $179,000, must therefore be reduced by $35,000, to $144,000, to avoid a double counting. Moreover, we are of the view that the wife is entitled to a distributive award of 50%, rather than 40%, of the husband's insurance business, for a total of $72,000, in light of the evidence in the record which indicates, as the trial court itself noted, a "substantial contribution" by the wife "toward enhancement of [the business'] value over the years" *(see also, Griffin v Griffin,* 115 AD2d 587, 588).

With respect to the wife's remaining argument, there is no basis in the record to disturb the court's finding that the husband did not secrete marital assets.

With respect to the husband's cross appeal, the husband failed to come forward with proof that he undertook expenditures on the wife's behalf which offset any arrears of temporary maintenance *(see, Yecies v Yecies,* 108 AD2d 813). We further note that it is unnecessary to modify the judgment to provide the husband with the opportunity to purchase the wife's equitable interest in the Nelson Avenue property, because the judgment already includes such a provision. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.