■ Caroline Obadiah, as Executor of Regina Leibowitz, Deceased, Appellant, v Madelyn Shaw, as Executor of Jack

LEIBOWITZ, Deceased, Respondent. [699 NYS2d 123] —In an action for a divorce and ancillary relief, Caroline Obadiah, as executor of the estate of Regina Leibowitz, appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered July 10, 1998, which granted the divorce and distributed the marital property.

Ordered that the judgment is affirmed, with costs.

This matrimonial action was commenced by the decedent wife (hereinafter the wife) in August 1994. At an inquest held on July 9, 1997, the decedent husband (hereinafter the husband) withdrew his opposition to the divorce and consented to the dissolution of the marriage. By decision dated November 17, 1997, the Supreme Court determined that the divorce should be granted and directed the parties to submit a proposed judgment. By order of the same date the court confirmed the Referee's report regarding the financial issues in the case. The proposed judgment submitted by the wife, with the husband's consent, on January 12, 1998, was noticed for settlement for January 19, 1998, but was not presented to the court until April 28, 1998. The husband died on January 26, 1998. The proposed judgment was signed by the court on June 26, 1998, and entered on July 10, 1998.

We agree with the Supreme Court that the action did not abate at the time of the husband's death. The entry of the divorce judgment five months later was a mere ministerial act since the divorce had been granted and all of the issues had been resolved (*see, Cornell v Cornell,* 7 NY2d 164; *Brown v Brown,* 208 AD2d 485; *Jayson v Jayson,* 54 AD2d 687; *cf., Matter of Forgione,* 237 AD2d 438).

Under the circumstances of this case, the court's equal distribution of the marital assets was not an improvident exercise of discretion (*see, Bisca v Bisca,* 108 AD2d 773; *cf., Balsamo v Balsamo,* 200 AD2d 649).

The appellant's remaining contentions are without merit. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.