■ GLORIA LEWIS, as Administratrix of the Estate of CLIFFORD GREEN, Deceased, Respondent, v LOUISE GREEN, Also Known as LOUISE BROWN, et al., Appellants. [744 NYS2d 128] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered October 19, 2001, which, in an action by a decedent's representative challenging a conveyance of real property, denied defendants' motion to dismiss the complaint on the basis of documentary evidence and for failure to state a cause of action, unanimously affirmed, without costs.

It appears from the complaint, as amplified by the record, that a trial court in the matrimonial action between plaintiff's decedent and defendant had pronounced defendant entitled to a divorce; that the issues of equitable distribution were heard by a Special Referee who recommended that the real property in question, the marital residence, held by decedent and defendant as tenants by the entirety, be immediately sold and the proceeds evenly divided; and that the Special Referee's report was confirmed by the court. The record contains some indication that defendant took an appeal from the order confirming the Special Referee's report, but no indication as to what became of the appeal. The decedent died without a judgment of divorce having been entered. Thereafter, defendant, claiming to be the decedent's surviving spouse, conveyed the property, whereupon plaintiff sought and was granted limited letters authorizing the Administratrix to finalize the divorce. Plaintiff then moved for leave to enter a judgment of divorce nunc pro tunc, apparently as of the date of the confirmation order. Plaintiff was granted leave to enter a judgment, the court find-

ing that upon confirmation of the Special Referee's report "there were no issues left to be decided at the trial level," and that entry of a divorce judgment was therefore a "mere ministerial act." However, the judgment that was entered contains no indication that it was to be given effect as of a date earlier than its date of entry. Plaintiff then commenced the instant action to set aside the conveyance on the ground that at the time of the conveyance defendant was not the decedent's surviving spouse with sole ownership of the real property, but rather the decedent's former spouse whose ownership interest was that of a tenant in common with the decedent's estate. Defendant's motion to dismiss on the basis of documentary evidence establishing her status as a surviving spouse was denied in view of the prior order granting plaintiff leave to enter a judgment of divorce.

We reject defendant's argument that, as a matter of law, she is a surviving spouse who may not be divested of her survivorship interest in the property by a judgment granting a divorce nunc pro tunc. If at the time of the decedent's death nothing remained to be done in the divorce action except enter a judgment, the parties' substantive rights should be determined as if the judgment of divorce had been entered immediately as of the time nothing remained to be done except enter a judgment (*see, Cornell v Cornell*, 7 NY2d 164; *Obadiah v Shaw*, 266 AD2d 521). That time here appears to be marked by the order confirming the Special Referee's report. The decedent's death would not have abated either the effectively culminated divorce action or the pending appeal from the confirmation order (*see, Rattray v Raynor*, 10 NY2d 494, 498). Although the judgment of divorce does not state that it was to take effect nunc pro tunc as of the confirmation order, such appears to be the plain and necessary import of its underlying decision. Certainly, at this juncture, it cannot be said that the omission of a nunc pro tunc provision in the divorce judgment was deliberate. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.