■ ROSEMARY CUCCIA, Respondent, v CITY OF NEW YORK, Respondent, and SEKHMET PRODUCTIONS, INC., Appellant. [761 NYS2d 31] —Order, Supreme Court, New York County (Joan Madden, J.), entered July 18, 2002, which granted plaintiff's motion for renewal and reargument to the extent of affording her renewal and, upon renewal, denied defendant Sekhmet's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and motion for renewal denied. The Clerk is directed to enter judgment in favor of defendant Sekhmet dismissing the complaint as against it.

This is a personal injury action which arose from a trip and fall which happened when plaintiff, attempting to enter the passenger side of her car, stepped on a curb which crumbled and gave way underneath her foot, thereby causing her foot to slip and propelling her into the door frame of the vehicle. This lawsuit was commenced against the City of New York and the abutting landowner, Sekhmet Productions. The complaint against the City was subsequently dismissed for reasons not relevant to this appeal. At the conclusion of discovery, the IAS court granted the remaining defendant's motion for summary judgment on the ground that there was no evidence that it had created the problem and no evidence that it had made any special use of the curb. The IAS court thereafter granted plaintiff's motion for renewal without finding any newly discovered facts and without finding any reasonable excuse advanced by plaintiff to warrant consideration of facts previously known. Plaintiff based her renewal motion on submission of a revised affidavit from an expert whose affidavit had been considered on the earlier summary judgment motion. In both affidavits the expert purported to consider the effect of an underground vault on defendant's property. While the IAS court had viewed the earlier affidavit as conclusory, the revised affidavit was found sufficient to create an issue of fact regarding defendant's special use.

An application to renew must be based upon additional material facts which existed at the time that the prior motion was made but which were not then known to the party seeking leave to renew and a valid excuse must be offered for not supplying such facts (CPLR 2221 [e]; see also Elson v Defren, 283 AD2d 109, 113 [2001]; Tishman Constr. Corp. v City of New

_____
* Deceased June 1, 2003.

*York*, 280 AD2d 374, 376 [2001]). A request for renewal should be rejected when the moving party fails to offer a reasonable excuse for not submitting the new material on the previous motion (*see Linden v Moskowitz*, 294 AD2d 114, 116 [2002]; *Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [2001]; *Matter of Creole Enters. v Giuliani*, 240 AD2d 279 [1997], *lv dismissed* 90 NY2d 936 [1997]). Plaintiff never explained why the expert engineer was not able, when providing an affidavit with respect to defendant's motion, to make the same inspection he performed and incorporated into his revised affidavit for the renewal motion. There still had been no actual examination of the vault area which is assumed to lie beneath the sidewalk and near the curb in question. Plaintiff did not provide any construction plans, schematics or other evidence which would support the still-conclusory statements of the expert that the vault space is a special use and that any deterioration of the curb has a relationship to the vault space.

Even were renewal properly granted, plaintiff has still not produced proof in admissible form to establish that a vault of unknown dimensions and uncertain location had any effect on the curb whose deterioration was the cause of plaintiff's fall onto her car. In the absence of any factual showing that defendant enjoyed a special use of the vault and that such special use bore a causal relationship to the curb deterioration, summary judgment should have been granted. Concur—Buckley, P.J., Mazzarelli, Williams and Gonzalez, JJ.