■ ARTHUR TRAUT, Appellant, v JACQUELINE TRAUT, Respondent. [791 NYS2d 646]—

In a matrimonial action in which the parties were divorced by judgment dated August 8, 1989 (Sacks, J.H.O.), the plaintiff appeals from so much of (1) an order of the Supreme Court, Richmond County (Panepinto, J.), dated April 24, 2003, as granted that branch of the defendant's cross motion which was for the court to sign a proposed order consistent with the provisions of a corrected decision of Judicial Hearing Officer Radin dated April 14, 1997, and (2) an order and judgment (one paper) of the same court, also dated April 24, 2003, as granted that branch of the defendant's motion which was to enter a money judgment against him, and is in favor of the defendant and against him in the principal sum of $60,812.06, together with interest from May 27, 1997.

Ordered that the order and the order and judgment are affirmed insofar as appealed from, with one bill of costs payable to the defendant.

The parties were divorced by judgment dated August 8, 1989. On prior appeals, this Court modified the judgment (*see Traut v Traut,* 181 AD2d 671 [1992]). In 1994, two years later, the parties moved, inter alia, to enforce certain provisions of the judgment of divorce. After an extensive evidentiary hearing, Judicial Hearing Officer Radin (hereinafter the JHO) rendered a detailed corrected decision, dated April 14, 1997, resolving the remaining issues concerning the equitable distribution of the parties' assets consistent with the provisions of the judgment. This decision also directed the parties to settle an order granting a money judgment in accordance therewith. Both parties submitted proposed orders to the Supreme Court. The JHO, however,

retired before signing either of the proposed orders, which were retained in the court file, marked in bold letters "NOT SIGNED."

In September 2002, over five years after the JHO rendered his decision, the parties again moved, among other things, to enforce the judgment of divorce by entering one of the proposed orders previously submitted to the JHO, or a new order in compliance with the findings of the JHO's decision. After oral argument, the Supreme Court granted that branch of the defendant's cross motion which was for it to sign a proposed order consistent with the provisions of the corrected decision of the JHO dated April 14, 1997, and granted that branch of the defendant's motion which was to enter a money judgment against the plaintiff. The Supreme Court awarded the defendant the principal sum of $60,812.06, together with interest from May 27, 1997.

The Supreme Court properly determined that its signing of the proposed order, nunc pro tunc, based on the corrected decision of the JHO, which itself was entirely consistent with the judgment of divorce, was a mere ministerial act (see Cornell v Cornell, 7 NY2d 164 [1959]; Obadiah v Shaw, 266 AD2d 521 [1999]; Brown v Brown, 208 AD2d 485 [1994]). Moreover, the Supreme Court properly awarded postjudgment interest on the money judgment (see CPLR 5003; Klein v Klein, 296 AD2d 533 [2002]; Purpura v Purpura, 261 AD2d 595 [1999]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.