■ PHILIPPINE AMERICAN LACE CORP., Appellant, v 236 WEST 40TH STREET CORP., Respondent, et al., Defendants. [810 NYS2d 460]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 29, 2005, which, in an action to compel conveyance of a building pursuant to a right of first refusal, inter alia, denied plaintiff's motion to enjoin defendants from leasing the ground floor space without plaintiff's prior approval and to void any such lease already entered into, unanimously affirmed, without costs or disbursements.

Plaintiff's right of first refusal to purchase the subject building was pronounced in a decision after trial dated November 17, 2004, which decision also directed settlement of an order and judgment by December 8. By order to show cause dated December 3 and returnable December 16, 2004, i.e., before an order and judgment had been settled, defendant owner obtained a temporary stay of enforcement pending appeal; plaintiff cross-moved to enjoin the owner from renting the vacant ground floor space pending appeal. Also on December 3, unbeknownst to plaintiff, the owner entered into a 10-year lease for the ground floor space. While the proceedings on December 16 were not re-corded, it appears that the trial justice, without having been informed of the December 3 lease, directed the parties to settle a judgment in accordance with her oral rulings from the bench. On December 20, still before plaintiff had learned of the lease, the parties submitted a stipulated order and judgment provid-ing, inter alia, for conveyance of the building to plaintiff for $3 million and, pending appeal, permitting the owner's leasing of the ground floor space for a term of no more than five years subject to plaintiff's approval. In early January 2005, observing that work was being performed to ready the ground floor for a new tenant, plaintiff inquired of the owner whether it had rented that space, and if so, asserted its right to approve the lease. The stipulated order and judgment, referred to a new justice upon the trial justice's retirement, was signed on Janu-ary 25 and entered on February 9, 2005. A few days later, plaintiff brought on the latest motion, by show cause order, to enjoin defendants from leasing the ground floor without plaintiff's approval, and voiding any lease already entered into. The new justice denied the motion on the ground that a "deci-sion or verdict [referring to the November 17 decision after trial] upon which no formal judgment has been entered has no conclusive character or efficacy" (citing *Begelman v Begelman*, 170 AD2d 562 [1991]).

While it is true that a decision " 'has no conclusive character and is ineffective as a bar to subsequent proceedings' " (*id.* at 563), it can be binding in the same action if all that remains to be done is the ministerial act of entering it as an order or judgment (*see Lewis v Green*, 295 AD2d 250, 251 [2002], citing, inter alia, *Cornell v Cornell*, 7 NY2d 164 [1959]; *Parson v Rayrosa Realty Corp.*, 225 App Div 217 [1929]). Here, however, more remained to be done. The November 17 decision discussed only the parties' respective ownership rights to the building, not their leasing rights pending the formal transfer of ownership. Absent any indication of the latter, the owner, who did signal an intention to appeal, was entitled to protect the building's financial condition by ensuring that all floors were occupied by paying tenants. Moreover, there was a temporary stay of enforcement of the November 17, 2004 decision in effect. Thus, there can be no claim of fraud on the court. While the December 20 stipulation prohibited the owner from entering a lease like that of December 3, it cannot be construed to operate against an already executed lease. We have considered and rejected plaintiff's other arguments. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.