■ In the Matter of JAMES NEVILLE, as Executor of EUGENE F. MARTIN, JR., Deceased, Respondent, v MARIE THERESE MARTIN et al., Appellants. [832 NYS2d 192]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 24, 2006, which, insofar as appealed from, denied respondent's cross motion to renew petitioner's decedent's application to dissolve the subject corporation, unanimously affirmed, without costs.

The application was made by petitioner's decedent, who was a 50% owner of the subject corporation, on the ground of deadlock with respondent, the other 50% owner. A judgment granting the application and dissolving the corporation was entered February 17, 2006, from which respondent immediately appealed; the decedent died on February 24; preliminary letters were issued to petitioner on March 7; petitioner moved to be substituted on March 14; respondent cross-moved to reargue or renew the application for dissolution on March 15; and this Court affirmed the judgment of dissolution on May 23 (29 AD3d 444 [2006], *lv denied* 7 NY3d 717 [2006]). By order dated July 12, the motion court granted petitioner's motion for substitution and, insofar as presently pertinent, correctly denied the cross motion for renewal.

"It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal" (*Da Silva v Musso*, 76 NY2d 436, 440 [1990]). Although enforcement of the judgment, including its transmission to the Secretary of State pursuant to Business Corporation Law § 1111 (d), was stayed pending exhaustion of respondent's appellate rights, this did not negate the finality of the judgment but merely temporarily suspended petitioner's right to enforce it (*cf. Da Silva*). Accordingly, respondent's "motion to vacate the prior judgment, if available at all, [had to] be made pursuant to CPLR 5015, not CPLR 2221" (*James v Shave*, 62 NY2d 712, 714 [1984]). In any event, a litigant's death after a motion is made would not generally warrant renewal under CPLR 2221 (*see Cuccia v City of New York*, 306 AD2d 2, 2 [2003] [new facts must have existed at time prior motion was made but were not then known to party seeking renewal]), or, for that matter, vacatur of a judgment under CPLR 5015 (*see* EPTL 11-3.1 [subject to certain exceptions, "(a)ny action . . . may be maintained by or against a personal representative . . . in such manner as such action might have been maintained by or against (the) decedent"]; *Lewis v Green*, 295 AD2d 250, 251 [2002] [death of a litigant does not abate an "effectively culminated . . . action"]; *see also Stanski v Ezersky*, 250 AD2d 422, 423 [1998], *lv dismissed* 92 NY2d 919 [1998] [newly-discovered evidence warranting vacatur of a judgment must have existed at time action was pending]).

Thus, petitioner estate is entitled to enforce the judgment "in such manner" as the decedent himself might have, and it does not avail respondent that had the decedent died before pronouncement of judgment, respondent would have had a contractual right to purchase the decedent's shares for book value, rendering the proceeding moot. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.