■ OLLIE ALLEN, Respondent, v ALLISON RAMOS, ESQ., Appellant. [965 NYS2d 348]— Appeals having been taken to this Court by the above-named appellant from an order of the Supreme Court, New York County (Joan M. Kenny, J.), entered on or about June 18, 2012, and from orders, same court (Jane S. Solomon, J.), entered on or about November 15, 2011 and November 16, 2011, and said appeals having been withdrawn before argument by counsel for the respective parties; and upon the stipulation of the parties hereto dated May 1, 2013, it is unanimously ordered that said appeals be and the same are hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.

■ MILANGEL RAPOSO, Appellant, v FRANZ ROBINSON, Respondent. [965 NYS2d 348]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about May 10, 2012, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff seeks damages for injuries she allegedly sustained in a collision between a minivan she was driving and a car owned and operated by defendant. Notwithstanding that defendant's approach into the intersection was regulated by a stop sign and no traffic control devices regulated plaintiff's approach, issues of fact preclude summary judgment, including which vehicle entered the intersection first, which driver had the right-of-way, and whether the driver with the right-of-way exercised reasonable care to avoid the accident (*see Barnes v United Parcel Serv.*, 104 AD3d 562 [1st Dept 2013]).

We note that plaintiff moved for summary judgment at the beginning of the discovery process, and did not even possess a statement by defendant or any other evidence independent of her own assertions about the accident. Moreover, the police accident report upon which plaintiff partially relied was inadmissible because it was not certified (*see Coleman v Maclas*, 61 AD3d 569 [1st Dept 2009]), and the conclusions therein were based solely upon plaintiff's hearsay statements to the responding officer, who did not witness the accident (*see Fay v Vargas*, 67 AD3d 568 [1st Dept 2009]). Concur—Gonzalez, P.J., Friedman, Moskowitz and Feinman, JJ.