In a contested probate proceeding, the petitioner/objectant, Maryann Bromberg, appeals, as limited by her brief, from so *933 much of an order of the Surrogate’s Court, Richmond County (Gigante, S.), dated May 20, 2014, as denied her cross motion for summary judgment dismissing the cross petition of Carmine Castellano to admit to probate the decedent’s last will and testament and for the issuance of letters testamentary to him, and declaring that Carmine Castellano has no right to share in the decedent’s estate.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the petitioner/ objectant, Maryann Bromberg, for summary judgment dismissing the cross petition of Carmine Castellano to admit to probate the decedent’s last will and testament and for the issuance of letters testamentary to him, and declaring that Carmine Castellano has no right to share in the decedent’s estate, is granted, and the matter is remitted to the Surrogate’s Court, Richmond County, for the entry of a decree declaring that Carmine Castellano has no right to share in the decedent’s estate and rescinding the preliminary letters testamentary issued to him.
The cross petitioner, Carmine Castellano (hereinafter Carmine), and the decedent were married on January 4, 2001, and had three children. On September 7, 2004, the decedent executed her last will and testament. In her will, the decedent bequeathed her personal property to her husband, Carmine, and if he predeceased her, then to their children. The decedent also nominated Carmine as the executor of her will, and her sister, the petitioner/objectant, Maryann Bromberg, as the substitute executor.
In 2011, the decedent commenced an action for a divorce and ancillary relief against Carmine. On March 6, 2013, the decedent and Carmine appeared before the Supreme Court and executed a written stipulation of settlement, in which they settled all the issues arising out of the marriage, and released and discharged their respective claims on each other’s estates (hereafter the mutual waiver of rights provision). During that appearance, after allocuting both the decedent and Carmine with respect to the stipulation of settlement and conducting an inquest as to the grounds for divorce, the Supreme Court stated that a judgment of divorce was granted to the decedent, and that the stipulation of settlement resolving all ancillary issues was to be incorporated, but not merged, into the judgment of divorce. The Supreme Court also verbally directed the decedent’s attorney to settle judgment within 60 days. However, the decedent died on August 2, 2013, prior to submitting a proposed judgment of divorce to the Supreme Court for entry.
*934 Shortly after the decedent’s death, Carmine executed a renunciation and disclaimer of interests in estate, a renunciation of nominated executor and/or trustee, and a waiver of process and consent to probate. Relying upon the stipulation of settlement and the renunciations and consent executed by Carmine, Bromberg, in her capacity as nominated substitute executor, filed a petition to admit the will to probate and for letters testamentary. Carmine filed a cross petition to admit the will to probate and for letters testamentary. Bromberg filed objections to the cross petition, objecting to, inter alia, letters testamentary being issued to Carmine and his taking under the terms of the will in light of the terms of the stipulation of settlement.
Carmine moved for summary judgment on his cross petition, contending that the decedent had abandoned the divorce action by failing to timely submit a proposed judgment, and that the stipulation of settlement could not be enforced absent dissolution of the marriage. Bromberg then cross-moved for summary judgment dismissing the cross petition and declaring that Carmine had no right to share in the decedent’s estate, contending that the divorce action did not abate upon the decedent’s death because all issues in that action had been resolved, and that the stipulation of settlement was thus enforceable. The Surrogate’s Court issued preliminary letters testamentary to Carmine on March 28, 2014. Thereafter, in an order dated May 20, 2014, the Surrogate’s Court denied the motion and the cross motion. The court found that the decedent had abandoned the divorce action pursuant to 22 NYCRR 202.48 by failing to timely submit a proposed judgment of divorce, and that an issue of fact existed as to whether the stipulation of settlement could still be enforced, in the absence of a judgment of divorce, on the basis of ratification. We reverse.
Bromberg demonstrated her prima facie entitlement to judgment as a matter of law dismissing the cross petition and declaring that Carmine has no right to share in the decedent’s estate by submitting the stipulation of settlement with its mutual waiver of rights provision, along with the renunciations and consent executed by Carmine (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Contrary to the Surrogate Court’s determination, the decedent did not abandon the divorce action pursuant to 22 NYCRR 202.48 by failing to timely submit a proposed judgment within 60 days of the Supreme Court’s verbal direction. Since the 60-day time period to submit a proposed judgment under 22 NYCRR 202.48 (a) *935 does not run until “after the signing and filing of the decision directing that the [judgment] be settled or submitted,” and the court’s direction was not reduced to a written decision, there was no violation of that rule here (see City of Plattsburgh v Borner, 38 AD3d 1047, 1049 [2007]). Furthermore, since all issues in the divorce action had been resolved at the time of the decedent’s death, the Supreme Court had adjudged that the decedent was entitled to a divorce, and nothing remained to be done except the ministerial entry of a judgment of divorce, the decedent’s death did not abate the divorce action (see Cornell v Cornell, 7 NY2d 164, 169-170 [1959]; Cristando v Lozada, 118 AD3d 846, 847 [2014]; Sloboda v Sloboda, 24 AD3d 533, 534-535 [2005]; Lewis v Green, 295 AD2d 250, 251 [2002]; Obadiah v Shaw, 266 AD2d 521, 522 [1999]). Under these circumstances “the parties’ substantive rights should be determined as if the judgment of divorce had been entered immediately as of the time nothing remained to be done except enter a judgment” (Lewis v Green, 295 AD2d at 251), and the stipulation of settlement is thus enforceable as a matter of law. Moreover, since the stipulation of settlement contained language which “clearly and unequivocally manifests an intent on the part of the spouses that they are no longer beneficiaries under each other’s wills” (Matter of Maruccia, 54 NY2d 196, 205 [1981]), the stipulation of settlement revoked any testamentary disposition in Carmine’s favor under EPTL 3-4.3, regardless of whether it was ultimately followed by a formal dissolution of the marriage (see Matter of Mirizzi, 291 AD2d 451, 452 [2002]; Matter of Stiles, 233 AD2d 888 [1996]; see also Matter of Maruccia, 54 NY2d at 206).
In opposition, Carmine failed to raise a triable issue of fact as to the enforceability of the stipulation of settlement, or to demonstrate that “good cause” existed to set aside the renunciations and consent (see generally Matter of Frutiger, 29 NY2d 143, 149 [1971]).
Accordingly, the Surrogate’s Court should have granted Bromberg’s cross motion for summary judgment dismissing the cross petition and declaring that Carmine has no right to share in the decedent’s estate. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.