■ MELVIN L.J. ARZUAGA, JR., Appellant, v MARIN TEJADA, Respondent. [19 NYS3d 280]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 2, 2015, dismissing plaintiff's complaint, unanimously affirmed. Appeals from order, same court (Laura G. Douglas, J.), entered June 2, 2014, which granted defendant's motion for summary judgment dismissing the complaint based upon plaintiff's failure to comply with a self-executing preclusion order, and denied plaintiff's cross motion to, among other things, vacate the preclusion order, and order, same court (Alison Y. Tuitt, J.), entered October 17, 2014, which granted defendant's motion for summary judgment dismissing the complaint based on the preclusive effect of a prior order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court (Douglas, J.), correctly denied plaintiff's cross motion to vacate the self-executing preclusion order, as plaintiff failed to provide a reasonable excuse for his failure to appear at defendant's five separately scheduled medical examinations (IMEs), two of which occurred after the issuance of the preclusion order in July 2013 (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). Plaintiff's claimed lack of knowledge of the scheduled medical examinations is unreasonable, especially since he failed to indicate any efforts he made to stay in contact with his counsel from "the beginning of 2013" until November 2013, despite the existence of two court orders, issued in 2011 and 2012, directing that he appear for his medical examination. Plaintiff does not deny that he was aware of those orders. His counsel also failed to confirm his assertions that he had no contact with his counsel, or that they mailed medical examination notices to plaintiff's mother's address.

Plaintiff also failed to show the existence of a meritorious claim (see Gibbs, 16 NY3d at 80). Plaintiff failed to submit an

affidavit of merit, and the only evidence he submitted as proof of defendant's liability was a police accident report containing his hearsay statement as to how the accident happened. This is insufficient to demonstrate a meritorious cause of action (*see Raposo v Robinson*, 106 AD3d 593, 593 [1st Dept 2013]).

Given plaintiff's failure to satisfy the two-prong test for vacating a preclusion order (*see Gibbs*, 16 NY3d at 80), the motion court (Douglas, J.), correctly granted defendant's motion for summary judgment dismissing the complaint. As the court noted, the preclusion of any testimony as to plaintiff's medical condition rendered him unable to establish a prima facie case (*see Samuels v Montefiore Med. Ctr.*, 49 AD3d 268, 268 [1st Dept 2008]).

In light of this holding, it is unnecessary to determine whether the motion court (Tuitt, J.), correctly granted defendant's motion for summary judgment based on the preclusive effect of a prior order of the Kings County Supreme Court. Concur—Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.