Henry v Lenox Hill Hosp. (2018 NY Slip Op 01578)





Henry v Lenox Hill Hosp.


2018 NY Slip Op 01578


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5968 100959/09

[*1]Janette Henry, etc., Plaintiff-Respondent,
v
Lenox Hill Hospital, et al., Defendants-Appellants, David Miller, M.D., et al., Defendants.


Martin Clearwater & Bell LLP, New York (Jean Marie Post of counsel), for Lenox Hill Hospital, appellant.
Bartlett LLP, White Plains (David C. Zegarelli of counsel), for Iraj Akhavan, P.M.D., appellant.
Law Office of Jay Stuart Dankberg, New York (Jay Stuart Dankberg of counsel), for respondent.



Order, Supreme Court, New York County (Joan B. Lobis, J.), entered February 2, 2017, which, insofar as appealed from as limited by the briefs, denied in part defendant Lenox Hill Hospital's and defendant Iraj Akhavan, P.M.D.'s motions to enforce the conditional preclusion order and for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motions in full, and, as so modified, affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff failed to fully comply with the conditional preclusion order because she failed to provide the requisite specificity in her supplemental bill of particulars as to dates of confinement and special damages. She also failed to demonstrate "a reasonable excuse for the failure to produce the requested items" and "the existence of a meritorious claim," as required to obtain relief from the order (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). She should thus have been precluded from offering evidence of liability and damages at trial, as per the terms of the order (id.; Jenkinson v Naccarato, 286 AD2d 420, 420-421 [2d Dept 2001]).
Because the result of precluding plaintiff from offering evidence on liability or damages at trial is that she will not be able to make out a prima facie case, the complaint should be dismissed (see Arzuaga v Tejada, 133 AD3d 454, 455 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK