Brand v Colas (2020 NY Slip Op 06845)





Brand v Colas


2020 NY Slip Op 06845


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 157224/18ECF Appeal No. 12419 Case No. 2020-01927 

[*1]Genna Brand, Plaintiff-Respondent,
v
Delva Colas et al., Defendants-Respondents, Jonathan Resnick, Defendant-Appellant.
Lau Mei Mei et al., Plaintiffs-Respondents,
v
Jennifer Resnick et al., Defendants-Appellants.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellants.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered March 12, 2020, which, to the extent appealed from, denied defendants Jonathan Resnick and Jennifer Resnick's motion for summary judgment dismissing the personal injury claims asserted by Genna Brand in her complaint as against them and dismissing Lau Mei Mei and Delva Colas' property damage complaint, unanimously reversed, on the law, without costs, and the motion granted.
The Resnick defendants made a prima facie case that they were not negligent, entitling [*2]them to summary judgment.
The Resnick defendants' motion for summary judgment was not opposed by plaintiff Genna Brand. Delva Colas, the driver of the taxi, failed to raise an issue of fact. He was precluded from submitting evidence due to his failure to provide discovery and appear for a deposition. The deposition testimony of defendant Jonathan Resnick and plaintiff Genna Brand eliminate all issues of fact regarding the manner in which the accident occurred. Jonathan Resnick testified that his vehicle was in the middle lane, stopped at the light on Tunnel Exit Street, a one way street, where it intersects with East 38th Street. When the light turned green his vehicle proceeded straight into the intersection without leaving the middle lane. When he had moved his vehicle approximately two car lengths, about a third of the way into the intersection, it was suddenly impacted on the right side by the taxi being operated by Delva Colas, registered to Lau Mei Mei, and in which Genna Brand was a passenger. Mr. Resnick's testimony establishes that the accident was caused by the taxi veering into his lane. Genna Brand did not see the cars collide. She stated that the taxi was driving fast and her first indication that an accident occurred was after the taxi hit the lamppost.
There was no admissible evidence or testimony submitted by Delva Colas and Lau Mei Mei in opposition to the motion for summary judgment given the preclusion order (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Rotante v Advance Tr. Co., Inc., 148 AD3d 423 [1st Dept 2017], citing Morales v Amar, 145 AD3d 1000 [2d Dept 2016]).
To the extent Delva Colas' affidavit submitted in support of the cross motion provided a description of how the accident occurred, it should not have been considered on the motion for summary judgment because his testimony had been precluded. The preclusion of Colas' evidence rendered him unable to refute the Resnick's prima facie case (see Diaz v Maygina Realty LLC, 181 AD3d 478 [1st Dept 2020]; Arzuaga v Tejada, 133 AD3d 454 [1st Dept 2015]).
As Colas and Lau failed to appeal from the denial of their cross motion to vacate a prior order of preclusion, their request for relief from that part of the order is not properly before us. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020