Ramirez v 2917 Grand Concourse (2021 NY Slip Op 03563)





Ramirez v 2917 Grand Concourse


2021 NY Slip Op 03563


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 305816/14 Appeal No. 14028 Case No. 2020-03366 

[*1]Angela Ramirez, Plaintiff-Appellant,
v
2917 Grand Concourse, Defendant-Respondent.


Pollack Pollack Isaac & DeCicco LLP, New York (Kenneth J. Gorman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York (Ross Barbour of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered June 25, 2020, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to renew defendant's motion that resulted in the January 23, 2017 order conditionally precluding plaintiff from introducing any evidence of injury, unanimously affirmed, without costs.
In March of 2017, when plaintiff failed to appear for a physical examination, the conditional order of preclusion issued on January 23, 2017 became self-executing (see Arts4All, Ltd. v Hancock, 54 AD3d 286, 286 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905, [2010]). Thus, the court correctly granted defendant's motion for summary judgment (see id.; Arzuaga v Tejada, 133 AD3d 454, 454 [1st Dept 2015]). While the motion court should have heard plaintiff's cross motion for renewal, in light of the administrative transfer of this matter and the fact that the cross motion was inextricably intertwined with defendant's summary judgment motion, such error is academic (see Totaram v Gibson, 179 AD3d 451 [1st Dept 2020]; Dalrymple v Martin Luther King Community Health Ctr., 127 AD2d 69 [2d Dept 1987]. While styled as a motion to renew, the cross motion was in actuality an untimely and unpersuasive motion to reargue (see CPLR 2221[e][2]). Plaintiff's "new fact," i.e. that she had left the country shortly before her last scheduled physical examination due to the death of an unindentified family member, was not a fact unknown to her at the time of defendant's original motion seeking discovery sanctions (see Cuccia v City of New York, 306 AD2d 2 [1st Dept 2003]). Indeed, plaintiff admitted knowing that her physical was pending, and yet did not make any effort to remain in contact with her counsel. Thus, even if the motion were timely or her absence could be considered the basis for a motion to renew, that absence could not serve as a reasonable excuse for her failure to comply with discovery in the first instance (see Tenamaza v Knickerbocker Constr. II, LLC, 96 AD3d 562 [1st Dept 2012]; Sheikh v New York City Transit Auth., 258 AD2d 347 [1st Dept 1999]).
In addition to the foregoing, plaintiff's failure to respond to defendant's CPLR 3216 notice by filing a note of issue or making a motion to extend the discovery period,
an issue the motion court did not reach, would have warranted dismissal on those alternate grounds (see Bustamante v Green Door Realty Corp., 158 AD3d 444 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021