Matter of Edgar V.L. (2024 NY Slip Op 03452)

Matter of Edgar V.L.

2024 NY Slip Op 03452

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 500294/18 Appeal No. 2554-2555&M-01611 Case No. 2023-04370, 2023-04371 

[*1]In the Matter of Edgar V.L., an Incapacitated Person.
Alison L., Petitioner-Respondent,
Katherine Huang, Successor Guardian-Respondent, Rachida Naciri, Respondent-Appellant, Judy S. Mock, Esq., Guardian-Appellant.

Abrams Fensterman, LLP, Lake Success (Jeffrey R. Neuman of counsel), for appellants.
Farrell Fritz, P.C., New York (Frank T. Santoro of counsel), for Alison Loew, respondent.
The Hoffinger Firm, PLLC, New York (Fran Hoffinger of counsel), for Katherine Huang, respondent.

Order and judgment (one paper), Supreme Court, New York County (Carol Sharpe, J.), entered August 3, 2023, which, after a hearing, adjudged that the marriage between Edgar Loew (Edgar) and appellant Rachida Naciri (Naciri) was annulled ab initio, ordered that the prenuptial agreement between Edgar and Naciri was void ab initio and unenforceable, ordered that Naciri was not entitled to any equitable distribution, support, maintenance, or right of election, stayed all transfer of Edgar's funds and property, and ordered that all property removed by Naciri from his residences be returned, unanimously affirmed, without costs. Appeal by former guardian Judy Mock from so much of aforesaid order, unanimously dismissed, without costs, for lack of standing. Order, same court and Justice, entered August 8, 2023, which denied the motion of former guardian Judy Mock to intervene in the proceedings to annul the marriage and void the prenuptial agreement, unanimously affirmed, without costs.
Initially, we find that the trial court's denial of former guardian Judy Mock's motion for leave to intervene in the annulment proceedings was proper. While it is true that intervention should be liberally allowed (see Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]; CPLR 1012; 1013), here, even a liberal view of the issues before the trial court did not warrant Mock's intervention. There is no basis within the Mental Health Law that affords a former guardian, especially one removed for cause, the right to intervene in this proceeding. This matter relates to whether Edgar had the requisite capacity when he executed a prenuptial agreement that was highly one-sided and detrimental to his interests, and whether he likewise had the capacity to enter into marriage with Naciri shortly thereafter (see Matter of Edgar V.L., 214 AD3d 501 [1st Dept 2023]), As Mock had not been appointed guardian during the relevant time period, she lacks personal knowledge of his capacity at that time. This determination also affects Edgar's rights, not Mock's, and resolution of these issues would not be res judicata in any action brought against her related to her transactions as guardian (see Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon, 61 NY2d 695, 698 [1984]). Moreover, the decision was rendered by the court on the record prior to the start of the hearing. Entry of the order shortly after Edgar's death was a ministerial act with the issues already litigated to conclusion (see generally Lewis v Green, 295 AD2d 250, 251 [1st Dept 2002]; Matter of Rivera, 130 AD3d 932, 935 [2d Dept 2015]).
In view of the foregoing, Mock lacks standing to appeal the order annulling the marriage between Edgar and Naciri. Only an aggrieved party may appeal from an order or judgment (CPLR 5511). As Mock was properly denied leave to intervene, she is not an aggrieved party within the meaning of CPLR 5511 and thus has no standing to appeal [*2](see State of New York v Philip Morris Inc., 61 AD3d 575, 578 [1st Dept 2009], appeal dismissed 15 NY3d 898 [2010]; Tower Ins. Co. of N.Y. v Skate Key, 273 AD2d 158 [1st Dept 2000]). Mock's appeal of the annulment order is accordingly dismissed (see Matter of Landis [Debora], 114 AD3d 458, 459 [1st Dept 2014]).
Supreme Court was not divested of jurisdiction, as it is a court of general jurisdiction and can annul a marriage and void transactions after a party's death in Mental Health Law actions (see Matter of Kaminester v Foldes, 51 AD3d 528 [1st Dept 2008]). Neither was the successor guardian's authority terminated in that short time frame, as she was appointed with all the statutory powers pursuant to Mental Hygiene Law § 81.21 and 81.22, which allowed her, among other things, to "defend or maintain any judicial action or proceeding to a conclusion until an executor or administrator is appointed" (Mental Hygiene Law § 81.21[a][20]). In any event, entry of judgment four days after Edgar's death was a mere ministerial act because the court had already ruled on the record annulling the marriage and voiding the prenuptial agreement, and nothing remained to be resolved (see Lewis v Green, 295 AD2d 250 [1st Dept 2002]; Matter of Rivera, 130 AD3d 932 [2d Dept 2015]), Obadiah v Shaw, 266 AD2d 521 [2d Dept 1999]; Cornell v Cornell, 7 NY2d 164, 170 [1959]).
Although the court's decision on the record largely contained credibility findings, and arguably did not comport with the required recitation of essential facts required under CPLR 4213(3), the record before us is sufficient to conduct an independent review of the evidence (see Park E. Constr. Corp. v East Coast Mech. Servs., Inc., 133 AD3d 581, 582 [2d Dept 2015]; Matter of Gray v Tyson, 205 AD3d 720, 721 [2d Dept 2022]). Upon our review, we find that the court did not err in annulling the marriage and voiding the prenuptial agreement. The record demonstrates that Edgar, who was suffering from significant mental health issues and long-standing and worsening dementia, lacked the capacity to enter into either the prenuptial agreement or the marriage to Naciri, given the volume of medical records and testimony to that end. The trial court found that Naciri's two witnesses lacked credibility, and we decline to disturb that finding on appeal.
For the same reasons, we conclude that the trial court's determination that Edgar lacked capacity to enter into the prenuptial agreement and marriage was proper. Where there is medical evidence of mental illness or defect, the burden shifts to the opposing party to prove by clear and convincing evidence that the person entering the agreements in question possessed the requisite mental capacity (Matter of Kaminester v Foldes, 51 AD3d at 529; Matter of Rose S., 293 AD2d 619, 620-621 [2d Dept 2002]; see Matter of Berk, 209 AD3d 1014, 1016 [2d Dept 2022]). Naciri failed to demonstrate that Edgar was competent at the time in question, as the testimony of the two witnesses [*3]she called was found to be not credible.
We have considered the remaining arguments and find them unavailing.
M-01611 — Matter of E.V.L.
Motion to enlarge the record and for additional relief denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024