■ In the Matter of ELRAC, INC., Respondent, v ANTHONY GUY BROOKS, Respondent, and TRAVELERS INDEMNITY COMPANY OF CONNECTICUT et al., Respondents-Appellants, et al., Respondent. [827 NYS2d 656]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 23, 2006, which, to the extent appealed from as limited by the briefs, denied Travelers' cross petition for permanent stay of the arbitration demanded against it by respondent Brooks, unanimously reversed, on the law, without costs, and the cross petition granted to the extent of granting a temporary stay of the arbitration sought by Brooks pending further proceedings on the issue of coverage.

Brooks, an employee of additional respondent Bronx Brake and Alignment, was injured while operating a vehicle owned by petitioner, which he was returning from Bronx Brake's repair shop to petitioner's premises after repairing it pursuant to an agreement between petitioner and Bronx Brake. The agreement required Bronx Brake to maintain automobile liability, commercial general liability, garage keeper's and worker's compensation insurance coverage and to name petitioner as an additional insured on these policies.

Petitioner argues that additional respondents Travelers are responsible for providing uninsured motorist benefits to Brooks under an automobile liability insurance policy issued to Bronx Brake naming petitioner as an additional insured. In support of this argument, petitioner relies on a certificate of liability insurance naming it as an additional insured on certain policies issued by Travelers to Bronx Brake. Pointing to that same certificate, Travelers contends that the only policy it issued to Bronx Brake was for commercial general liability insurance with a hired and nonowned auto endorsement for third-party claims,

and that neither the terms of that policy nor Insurance Law § 3420 (f) requires it to provide uninsured motorist benefits.

Since we are not able to determine from the record whether Travelers issued an automobile liability insurance policy to Bronx Brake naming petitioner as an additional insured, a framed issue hearing, after discovery, must be held to resolve this question. Accordingly, the matter is remanded to Supreme Court for further proceedings. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.