■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v PHILLIP ROBLES, Respondent. UNITED SERVICES AUTO ASSN. et al., Proposed Additional Respondents-Appellants. [32 NYS3d 90]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about January 6, 2015, which granted the petition to permanently stay arbitration pursuant to CPLR 7503, unanimously reversed, on the law, with costs, and the petition granted to the extent of temporarily staying the arbitration sought by respondent Phillip Robles, and remanding the matter to allow for the addition of proposed additional respondents and for further proceedings in accordance with this decision.

Petitioner seeks a permanent stay of an arbitration demanded by respondent Robles, a passenger in a motor vehicle insured by petitioner that was involved in a hit-and-run car accident. Proposed additional respondents are the insurer and the owners of the vehicle that allegedly fled the scene. In a prior arbitration concerning a property damage claim, the arbitrator determined that the proposed additional respondents' vehicle was the vehicle that fled the scene.

Supreme Court erred in granting the petition to permanently stay the arbitration demanded by Robles based on the doctrine of collateral estoppel. Petitioner did not raise the issue of collateral estoppel in support of its petition, and proposed additional respondents did not raise it in their opposition. Although the issue was addressed in Robles's opposition and in petitioner's reply, those papers were served after the due date of the proposed additional respondents' opposition. Accordingly, the proposed additional respondents had no obligation or opportunity to address the issue (*see Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625 [1st Dept 1995]; *see also Lazar v Nico Indus.*, 128 AD2d 408, 409-410 [1st Dept 1987]).

On appeal, proposed additional respondents argue that they did not have a full and fair opportunity to litigate the issues in the property damage arbitration, and assert that the relevant arbitration agreement expressly limits the preclusive effect of the arbitrator's findings. Such limiting language may be dispositive on the issue (*see Feinberg v Boros*, 99 AD3d 219, 226-228 [1st Dept 2012], *lv denied* 21 NY3d 851 [2013]). However, because the agreement is not in the record on appeal, the issue cannot be determined (*see Diarrassouba v Consolidated Edison Co. of N.Y. Inc.*, 123 AD3d 525, 525 [1st Dept 2014]). Accordingly, the arbitration demanded by Robles should be temporarily stayed, and the matter should be remanded to allow for the addition of the proposed additional respondents and for further proceedings on the issues of collateral estoppel and coverage, including, if necessary, further discovery and a framed issue hearing (*see Matter of ELRAC, Inc. v Brooks*, 36 AD3d 470, 471 [1st Dept 2007]). Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.